Argued December 8; affirmed December 21, 1948

# HARPER *v.* WILSON

200 P. (2d) 600

*Walter H. Evans, Jr.,* of Portland, argued the cause

for appellant. On the brief were Krause, Evans & Korn and Watson D. Robertson, of Portland.

*Arno H. Denecke* and *Robert T. Mautz,* of Portland, argued the cause for respondent. With Arno H. Denecke on the brief were Wilbur, Beckett, Oppenheimer, Mautz & Souther, of Portland.

Before ROSSMAN, Chief Justice, and BELT, BAILEY and BRAND, Justices.

ROSSMAN, C. J.

This is an appeal by the plaintiff from an order of the circuit court which quashed service upon the defendant of the summons and complaint. The attacked order sustained a motion filed by the defendant for the relief which was granted.

A document filed by the appellant, which purports to be a judgment roll, includes two affidavits and a paper attached to one of them as an exhibit; they possibly were filed in the circuit court in support of the appellant's motion for an order vacating the one which quashed the service. The record is devoid of a bill of exceptions.

The appellant presents the following assignments of error:

"The Court erred in allowing defendant's motion to quash service of summons."

"The Court erred in denying plaintiff's motion to vacate the order of August 15, 1947, quashing service."

■■ Many decisions of this court point out that, in the absence of a bill of exceptions, this court's review of a judgment or a final order entered in an action at law can go no further than the pleadings. A recent illustration is *Tellkamp v. McIlvaine,* 184 Or. 474, 199 P. 2d 246, announced November 16, 1948. In view of the fact that § 6-901, O. C. L.A., requires that there must be included in the judgment roll "the summons and proof of service," the review, of course, extends to those papers. But a review of the pleadings, summons and proof of service will not yield for the appellant the relief he seeks.

The appellant questions the wisdom of *Tellkamp v. McIlvaine* and the decisions to like effect which preceded it. It may be that since a bill of exceptions is unnecessary in equity proceedings, support can be found for an argument that all bills of exceptions should be abolished. However, appellate review of an equity decree is substantially different from the review accorded an order or a judgment entered in a law court. Whatever may be the merit of those matters, our concern is not with what the law should be, but with what the law is.

Bills of exceptions originated in the Statute of Westminister (see *State v. Drake,* 11 Or. 396, 4 P. 1204), which was enacted in the reign of Edward I, that enlightened monarch who laid the foundation for the system of jurisprudence which we call the common law. In view of the fact just stated, it is not inappropriate to say that the practice attendant upon bill of exceptions is hoary with age and is a part of the common law itself. In recent years bills of exceptions won recognition in the constitution of this state when the people adopted Article VII, Section 3, Constitution of Oregon.

■ 'As a result of our statutes, appellate practice in Oregon knows no means of bringing to this court in law actions affidavits of the kind upon which the appellant relies except by the means of a bill of exceptions. The record upon which counsel write their briefs and this court predicates its decision is denominated a judgment roll: § 6-901, O. C. L. A. The provision just cited defines the contents of a judgment roll. We shall now quote from the part of that section which is applicable to contested matters. In our quotation the pronoun "he" refers to the clerk of the circuit court. The provision says:

> "* * * he shall attach together in like manner the summons and proof of service, the pleadings, bill of exceptions, all orders relating to a change of parties, together with a copy of the entry of judgment, and all other journal entries or orders in any way involving the merits, and necessarily affecting the judgment; * * *."

That definitive language makes no provision for inclusion in the judgment roll of an affidavit unless the affidavit is a part of the bill of exceptions. The bill of exceptions, therefor, is the only vehicle for bringing to an appellate court affidavits: *Tellkamp v. McIlvaine,* supra, and 4 C. J. S., Appeal and Error, § 829, page 1313.

■■ In view of the fact that the practice attendant upon bills of exceptions seemingly is not always well understood, it may not be out of place to add that a judgment roll, unlike a bill of exceptions, bears the authenticating signature of no one. No one certifies to its correctness or completeness. In the settlement of a bill of exceptions counsel representing all parties are afforded an opportunity to participate. In the compilation of the judgment roll only the clerk of the

circuit court is a participant. It may be that the respondent has no knowledge of what the clerk put into that document until he finds it in the files of the clerk of this court. A perusal of judgment rolls which have been filed in this court induces the belief that some court clerks are unfamiliar with § 6-901, O. C. L. A. The instances are not many in which a circuit court clerk, in preparing a judgment roll, complies fully with that provision of our laws. Presumably some clerks, in assembling a judgment roll, sweep into it all papers that come to hand with no more discriminating care than a charwoman displays in the use of her broom. There belongs in the judgment roll nothing except the papers mentioned in § 6-901. The preparation of a judgment roll, unlike the settling of a bill of exceptions, is purely an administrative function.

We believe that *Tellkamp v. McIlvaine* and its preceding decisions were correctly decided. We adhere to them.

The appellant calls to our attention § 6-902, which makes provision for a document known as "a final record." As the appellant concedes, a final record can not be made except upon motion of a party. No such motion was made and, accordingly, the papers forwarded to us can not be deemed a final record. Although it is not essential for us so to say, we nevertheless believe that "a final record" is unknown to appellate procedure. The document which appellants must employ is a judgment roll, including a bill of exceptions, unless the appellant wishes only an appellate review of the pleadings, the summons and return.

Since there is nothing before us which indicates error, the attack order is affirmed.