Argued January 12; affirmed February 1, 1949

# STATE *v.* RIDDER
## 202 P. (2d) 482

C. E. *Luckey,* district attorney for Lane County, of Eugene, and *Sidney E. Thwing,* deputy district attorney for Lane County, of Eugene, argued the cause and filed a brief for respondent.

*L. B. Sandblast,* of Portland, argued the cause and filed a brief for appellant.

Before LUSK, Chief Justice, and BRAND, BELT, BAILEY and HAY, Justices.

LUSK, C. J.

The legislative assembly in 1945 passed an act reading as follows:

"An appeal may be taken by the defendant who has plead guilty from a judgment on conviction; where the judgment of conviction imposes an excessive fine, or imposes excessive, cruel or unusual punishment. If the judgment of conviction is in the circuit court, the appeal shall be taken to the supreme court; if in the district court or the justice of the peace court, or municipal or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question as to whether an excessive fine has been

imposed, or excessive, cruel or unusual punishment has been inflicted which is not proportionate to the offense. If, in the judgment of the appellate court, the fine imposed or the punishment inflicted is excessive, unusual or cruel and not proportionate to the offense, it shall direct the court from which the appeal is taken to impose the punishment which should be administered.'' Ch. 62, Oregon Laws, 1945.

The defendant, John Ridder, having been charged by information with the crime of first degree arson in the Justice's Court for the Eugene District in Lane County, thereafter duly waived indictment and consented to be prosecuted for such crime by information to be filed by the district attorney. See original Art. VII, § 18, Constitution of Oregon. To the information subsequently filed he entered a plea of guilty on July 29, 1948, and was sentenced by the court on that day to serve a term of not to exceed ten years in the penitentiary.

On September 20, 1948, the defendant filed a motion to set aside the judgment of conviction on the ground substantially that he was not guilty of the offense charged. The motion was supported by affidavits of the defendant and others. Counter-affidavits were filed by the state, and on September 23, 1948, the court entered an order denying the motion. This is an appeal from the judgment of conviction. The defendant invokes the statute quoted above.

The only record before us besides the judgment roll, which contains no bill of exceptions, is a so-called transcript comprising copies, certified as such by the clerk of the Circuit Court for Lane County, of the judgment order or sentence, the motion to set aside the judgment order, the affidavits supporting and oppos-

ing such motion, the order denying such motion, and the notice of appeal.

██ This is the first time that Ch. 62, Oregon Laws, 1945, has been invoked in this court. The obvious purpose of the statute, insofar as it pertains to the Supreme Court, is to empower us to review the discretion of the Circuit Court in passing sentence after a plea of guilty, and, if we are of the opinion that the punishment is excessive, unusual or cruel, and not proportionate to the offense, to determine what punishment should have been imposed and to direct the court below to change the sentence accordingly. In order to exercise this power intelligently this court must have before it a record of the relevant evidence as to the circumstances of the crime and all other facts bearing upon the question of the reasonableness of the punishment or fine which the circuit judge had before him at the time of passing sentence and which, it may be assumed, guided his discretion. It is common practice for the district attorney and counsel for the defendant to state the facts and circumstances in open court before sentence is pronounced and for the judge to rely on such statements when they are not disputed. Further, it is provided by statute that, after a plea or verdict of guilty, "in a case where a discretion is conferred upon the court as to the extent of the punishment, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time, and upon such notice to the adverse party as it may direct." § 26-1209, O. C. L. A.

██ Whether there was such a hearing we are not advised by any of the papers before us, and neither

are we apprised of the facts and circumstances touching the crime and the defendant which may have been communicated to the court by counsel. The affidavits in support of the motion to set aside the judgment of conviction on the ground that the defendant was not guilty of the offense charged are manifestly irrelevant to the inquiry whether a sentence on a plea of guilty was excessive—and that is the only question we are authorized by the statute to determine. And affidavits in support of a plea of mitigation, even though their contents were relevant, could not be considered by the court because the statute expressly provides that no such affidavit "can be offered to or received by the court in aggravation or mitigation of the punishment." § 26-1212, O. C. L. A.

■ We have nothing, therefore, upon which to act except the bare fact that the defendant was sentenced to serve a term of not to exceed ten years in the penitentiary on a plea of guilty to a crime which carries with it a minimum penalty of not less than two years and a maximum penalty of not more than twenty years. Ch. 473, Oregon Laws, 1947. This, we need hardly say, does not warrant us in disturbing the sentence.

The legislature has not prescribed any procedure for authenticating and bringing to this court the record upon which the Circuit Court acts in a proceeding of this kind. It may be doubted whether the statutes about the bill of exceptions govern because "an exception is an objection taken at the trial to a decision upon matter of law" (§ 5-701, O. C. L. A.), and cases of this sort, ordinarily at least, would present no question of law. Section 13-715, O. C. L. A., provides:

"When jurisdiction is, by the organic law of this state, or by this Code or any other statute, con-

ferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.''

■ Pursuant to the power vested in the court by the foregoing section it is prescribed that the mode of proceeding to be followed by a defendant desiring to invoke the provisions of Ch. 62, Oregon Laws, 1945, shall be like that provided in law actions for bringing to this court questions of law; that is to say, that the defendant may file in this court as part of the judgment roll a document analogous to a bill of exceptions, duly certified to by the circuit judge as a full and true record of the evidence upon which the judge acted in passing sentence. As to bills of exception see *Harper v. Wilson,* 185 Or. 23, 200 P. (2d) 600.

On this appeal, as stated, there is nothing before us in any form which would enable us to say that the punishment imposed was excessive or disproportionate to the offense. The judgment must, therefore, be affirmed.