Argued January 23, affirmed January 30, 1957

## STATE OF OREGON *v.* PEDDICORD

3C6 P. 2d 416

*Nicholas Granet,* Portland, argued the cause and filed a brief for appellant.

*Oscar D. Howlett,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was William M. Langley, District Attorney, Portland.

Before PERRY, Chief Justice, BRAND and McALLISTER, Justices.

PERRY, C.J.

The defendant entered a plea of guilty to an indictment by the grand jury charging him with violation of ORS 164.830, which provides a maximum punishment "by imprisonment in the penitentiary for not more than 20 years."

The trial court imposed the maximum punishment. The defendant, alleging that the punishment inflicted is excessive, appeals.

ORS 138.050 provides as follows:

"A defendant who has plead guilty may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. If the judgment of conviction is in the circuit court, the appeal shall be taken to the Supreme Court; if it is in the district court, justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. If in the judgment of the appellate court the fine imposed is excessive or the punishment imposed is excessive, unusual or cruel and not proportionate to the offense, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

We had occasion to consider the purpose of this statute, and the procedure necessary for a review of the sentence imposed by a trial court in *State v. Ridder,* 185 Or 134, 202 P2d 482. We there pointed out, p. 137, that "In order to exercise this power intelligently this court must have before it a record of the relevant evidence as to the circumstances of the crime and all other

facts bearing upon the question of the reasonableness of the punishment or fine which the circuit judge had before him at the time of passing sentence and which, it may be assumed, guided his discretion." We also pointed out that § 26-1209, OCLA, now ORS 137.080, permitted either party, where discretion as to the extent of the punishment that might be imposed is conferred upon the court, to suggest to the court a summary hearing at which evidence pertinent thereto could be adduced to aid the trial court in its determination of the punishment to be imposed.

ORS 137.090 provides that the evidence for consideration by the court shall be upon the sworn testimony of witnesses in open court, except if a witness be ill, the deposition of that witness may be taken.

Since ORS 138.050 did not provide any procedure for bringing to this court the record of the facts upon which the circuit courts had acted in such a proceeding, we provided that "the defendant may file in this court as part of the judgment roll a document analogous to a bill of exceptions, duly certified to by the circuit judge as a full and true record of the evidence upon which the judge acted in passing sentence. As to bills of exception see *Harper v. Wilson,* 185 Or 23, 200 P. (2d) 600." *State v. Ridder,* supra, 139.

There is nothing before us in the bill of exceptions except informal statements by the attorneys and the defendant.

In this state of the record it would be impossible for us to say that the trial court had abused its discretion in this matter.

The judgment of the trial court is affirmed.