Submitted May 16, affirmed May 31, 1962

## STATE OF OREGON v. GIDLEY

371 P. 2d 992

James Wethal Slater Gidley in propria persona.

Courtney R. Johns, District Attorney, Albany, for respondent.

LUSK, J.

The defendant was arrested on a charge of rape upon his sixteen-year old daughter, waived indictment, and entered a plea of guilty to an information containing such charge filed by the district attorney. The court imposed sentence of not to exceed 20 years in the penitentiary and the defendant has appealed.

■ Since the defendant plead guilty, the only question which this court is authorized to consider is whether the punishment was excessive, cruel, or unusual, and not proportioned to the offense. ORS 138.050; *State v. Jairl,* 229 Or 534, 368 P2d 323.

The crime of which the plaintiff was convicted is punishable by imprisonment in the penitentiary for life or any lesser period. ORS 163.220. In view of the nature of the crime, it cannot be said that even the maximum punishment prescribed is *per se* excessive, cruel, or unusual, and not proportioned to the offense; and the record is completely devoid of any showing of mitigating circumstances which would compel the conclusion that in the particular case the penalty imposed offended against statutory or constitutional standards. See *Barber v. Gladden,* 210 Or 46, 63, 298 P2d 986, 309 P2d 192; *State v. Peddicord,* 209 Or 360, 306 P2d 416; *State v. Ridder,* 185 Or 134, 202 P2d 482.

It is provided by ORS 137.112 that a person convicted of certain so-called sex crimes, including any crime involving any child under the age of 16 years, punishable under ORS 163.220, may, upon conviction and before sentence, be given a complete psychiatric examination, provision for which by a qualified psychiatrist in a state hospital is made. By ORS 137.113 and 137.114 a written report of the psychiatrist's findings is required to be made to the court and certified copies thereof furnished to the convicted person and the district attorney, and thereafter the court is required to hold a presentence hearing, unless waived by the parties, at which the convicted person may examine the psychiatrist who filed the report with reference to the psychiatric examination and report.

By ORS 137.111 it is provided that after the pre-

sentence hearing and upon the consideration of the psychiatric report the court may, in its discretion, in lieu of any other sentence authorized by law for the crime in question, sentence any person convicted under ORS 163.220, and other sections designated, to an indeterminate term not exceeding the natural life of such person if the offense involved a child under the age of 16 years and the court finds that such person has a mental or emotional disturbance, deficiency, or condition predisposing him to the commission of any crime punishable under certain sections, including ORS 163.220, to a degree rendering the person a menace to the health or safety of others.

It appears from the record that the defendant's plea of guilty was entered on May 5, 1958, and the court thereupon ordered the defendant to be delivered by the sheriff of Linn county to the superintendent of the Oregon State Hospital at Salem, Oregon, for a psychiatric examination and report as provided for in these statutes. This order was complied with and the court, after receiving the psychiatric report, on June 12, 1958, sentenced the defendant to the Oregon State Penitentiary for an indeterminate term not to exceed 20 years. This sentence, however, was vacated in a post conviction proceeding brought by the defendant in the circuit court for Marion county and the case was remanded to the circuit court for Linn county for resentencing. The ground of the Marion county circuit court's decision was that the sentence was voidable because the defendant had not been furnished with a copy of the psychiatric report as the statute requires. The original sentence was imposed by the Honorable Victor Olliver, who had ceased to be a judge of the circuit court at the time the case came on for presentence hearing on August 31, 1961.

The duty of passing sentence then devolved upon the Honorable Wendell H. Tompkins, Circuit Court Judge for the same judicial district. Before imposing sentence the judge had an extensive hearing at which Doctor Douglas A. Tate, the psychiatrist who made the report, was examined by both parties, as well as Doctor Herbert L. Nelson, Assistant Superintendent of the Oregon State Hospital. Also at this hearing the defendant, who was represented by an attorney, was given a full opportunity to make whatever showing he desired in mitigation. He contented himself with an oral plea for leniency on the ground that he was not an incorrigible criminal, had never been in trouble before, and meant no harm in the future.

The psychiatrist's report included this statement: "It is my opinion that the diagnosis in this case is Sociopathic Personality Disturbance, Sexual Deviation (Incest) and that he should be considered a menace to members of his family."

We have recited these matters mainly because they are dwelt upon in the defendant's brief and apparently are considered by him to lend some support to his claim that the penalty imposed is excessive and to other contentions in his brief under ten assignments of error, only one of which is substantial enough to deserve consideration. The post conviction proceeding is completely irrelevant to any question now before the court. The psychiatrist's report is of some relevance, because it indicates that the defendant is a menace to his family, and it could rightfully have influenced the discretion of the judge against yielding to the defendant's plea for leniency. But, beyond this, the statutes providing for a psychiatric presentence examination and, in certain circumstances enhancement of penalty, are without any bearing on the case,

for the court did not exercise the discretion with which it is invested by ORS 137.111 to impose a life sentence (a discretion which is also found in ORS 163.220), but imposed a maximum sentence of 20 years and, in addition, allowed the defendant credit for the time he had served in the penitentiary between the imposition of the first and second sentences.

We are of the opinion that the defendant's attack upon the sentence for excessiveness is without merit.

■ The only other contention of the defendant that needs to be mentioned is that the court erred in denying his motion to withdraw his plea of guilty. The state concedes that this question is properly before the court, though in view of *State v. Jairl,* supra, we doubt whether the concession is justified. Nevertheless, we have examined the question. The application came in the course of the presentence hearing—more than three years after entry of the plea of guilty. Up to that time, so far as the record shows, the defendant had never even suggested that he was not guilty of the crime charged. An affidavit filed in support of the motion does state that the defendant had "good grounds for defense to the crime", but we are not told what those grounds are. There is no claim in the affidavit that the plea of guilty was not entered with full knowledge of its meaning and possible consequences, nor that it was other than entirely voluntary. With the exception of the statement that the defendant had a defense, the facts averred in the affidavit are immaterial to the motion. The question was addressed to the sound discretion of the court, *State v. Bloor,* 229 Or 49, 365 P2d 103, 1075, and we find no abuse of that discretion.

The judgment is affirmed.