**James W. S. GIDLEY, Plaintiff,**

**v.**

**Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Defendant.**

**Civ. No. 63-333.**

United States District Court
D. Oregon.

Jan. 21, 1965.

James W. S. Gidley, pro. per.

Robert Y. Thornton, Atty. Gen. for State of Oregon, Salem, Or., and C. L. Marsters, Asst. Atty. Gen., for defendant.

EAST, District Judge.

The petitioner (Gidley) is in the custody of the respondent (Warden) pursuant to a judgment of sentence entered by the Circuit Court of the State of Oregon

for Linn County on September 8, 1961, being a resentence upon a judgment of conviction entered on May 5, 1958.

This Court, in its memorandum of decision entered in these 28 U.S.C. § 2241 habeas proceedings on November 4, 1963, found that judgment of conviction and sentence void, and ordered the State of Oregon to give Gidley a new trial or release him from custody.

The Warden appealed, and the United States Court of Appeals for the Ninth Circuit reversed and remanded for further proceedings not inconsistent with its opinion entered in Gladden v. Gidley, 9 Cir., 337 F.2d 575, October 14, 1964.

It is meet here to recite a little history to put Gidley's cause in context.

On April 27, 1960, Gidley instituted in the Circuit Court of the State of Oregon for Marion County proceedings under Ore.Rev.Stat. §§ 138.510–138.680 (1963) (Oregon Post-Conviction Hearing Act). He was represented by competent counsel in those proceedings and made these federal claims of unlawful conviction and sentence:

"II

"That at the time of the Court proceedings [waiver of indictment and arraignment] in the [Linn County] case * * *, plaintiff appeared in Court alone and without benefit of counsel; that at said time, the Court failed and neglected to advise plaintiff of his right to be represented by counsel, as required by ORS 135.310.

"III

"That on May 5, 1958, when plaintiff first appeared in the * * * Circuit Court on the aforesaid charge, * * * the Circuit Judge then presiding, led plaintiff to believe that the proceedings on that day were only preliminary to establish the case as a matter of record in that Court; that plaintiff was justified in believing, and did in fact believe

that no proceedings would be held which were of any importance in the case and therefore plaintiff unknowingly consented to proceed on that day without the services of an attorney; that the Court then proceeded to allow plaintiff to waive his constitutional rights to Grand Jury consideration of his case, allowed the District Attorney to arraign plaintiff on the charge, and allowed plaintiff to enter a plea to said charge without benefit of any consultation with or advice from an attorney; that plaintiff was untrained in the law, had no understanding of Court proceedings and was misled by the Court so that plaintiff's rights to representation by competent counsel were effectively foreclosed.

* * * * * *

"By reason of the foregoing, plaintiff alleges that the purported waiver of Grand Jury and the purported plea of guilty to the charge were not knowingly, understandingly and voluntarily made and * * * that said Court effectively denied plaintiff due process and equal protection of the laws under the Oregon and United States Constitutions, * *."

In the Post-Conviction Hearing Act relief proceedings (state relief proceedings), Gidley, to support his federal claims, offered direct testimony and the transcript of his Linn County Circuit Court arraignment and plea proceedings [1]. The Warden, however, offered no evidence and closed his case with these words:

"MR. ADAMS: [Harold W. Adams, Assistant Attorney General, State of Oregon] Your Honor, we have no evidence to adduce at this time. I would ask the permission of the court, I understand this will be acceptable to counsel for Plaintiff, that we be allowed sufficient time to obtain and file in with the court, as our

1. "The transcript was evidence bearing upon that issue, but it was not conclusive." 337 F. 2d p. 579.

only item of evidence, the entire judg(e)ment role." [sic] Tr. 48.

On August 3, 1961, the state court entered its order denying Gidley relief on his federal claims, by finding:

" * * * plaintiff has failed to sustain the burden of proof on all the material allegations of his petition."

Although denying Gidley relief on his federal claims, the state court vacated his sentence entered on May 5, 1958 and remanded the cause to the Linn County trial court for resentencing. The vacation of the sentence was based upon a failure to furnish Gidley, prior to sentencing, with a copy of the report of the statutory mandatory psychiatric examination made following his plea of guilty.

Gidley filed a notice of appeal to the Supreme Court of Oregon from the state court's order of August 3, 1961 denying his federal claims; however, Gidley dismissed the appeal on his own motion.

At the time of resentencing by the Linn County trial court on September 8, 1961, Gidley unsuccessfully sought to withdraw his plea of guilty.

Gidley was resentenced as above stated, and he appealed to the Supreme Court of Oregon, resulting in an affirmal. State v. Gidley, 231 Or. 89, 371 P.2d 992 (1962).

On July 24, 1963, Gidley filed his pro per in forma pauperis habeas petition in this Court, and in lay language renewed his federal claims of unlawful judgment of conviction and sentence. The Warden answered and furnished a complete transcript of the evidentiary hearings had in the state relief proceedings. This Court, based upon the record made in the state proceedings, entered its memorandum of decision mentioned above. The Warden thereafter moved this Court to

" * * * reconsider its decision. Attached to the motion were affidavits of the district attorney and deputy sheriff regarding occurrences *not reflected in the state court records*, bearing upon [Gidley's] understanding of his rights and of the consequence of his guilty plea, and upon the voluntariness of that

plea. Also attached were documents indicating that [Gidley] had taken an appeal to the state supreme court in the state post-conviction proceedings, but that the appeal had been dismissed at [Gidley's] own request." [Italics supplied.]

The Warden contended his motion.

" * * * for reconsideration and attached materials raised issues of fact which could not be resolved without an evidentiary hearing, both in respect to whether [Gidley] had deliberately bypassed his state court remedies, and as to the merits of [Gidley's] constitutional claim."

The Court of Appeals agreed with this contention and opined that the assertions in the affidavits submitted by the Warden in support of his motion for reconsideration

" * * * created an issue of fact as to whether [Gidley] had acted knowingly and voluntarily in waiving assistance of counsel and in pleading guilty. The transcript was evidence bearing upon that issue, but it was not conclusive. The State was entitled to an opportunity to offer evidence refuting the inferences which [Gidley] and the district court drew from the transcript."

Also, that the Warden

" * * * should also be permitted to adduce evidence bearing upon whether [Gidley] 'made a considered choice' in failing to utilize available state remedies."—

on appeal from the state court order of August 3, 1961.

It is manifest from its opinion the Court of Appeals concluded (as did this Court) that the state court's finding Gidley had failed to prove his federal claims of a lack of knowledge and volition in waiving counsel and pleading guilty could not prevail because:

"(2) the state factual determination is not fairly supported by the record as a whole; * * *." Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 720 (1963).

Furthermore, the Court of Appeals concluded the Warden is not bound by and is excused from his failure to produce any contradictory evidence in the state relief proceedings.

■ The Oregon Post-Conviction Hearing Act provides a convicted defendant with a facile and adequate state remedy with which to attack collaterally his judgment of conviction and sentence on federal constitutional grounds. The United States District Court for the District of Oregon is entitled to an exhaustion of that remedy by the state prisoner before the prisoner seeks federal habeas relief. 28 U.S.C. § 2254. Morehead v. California, #19,464 (9th Cir. 11–27–64). Is there any less reason to require the same effort on the part of the state official, acting in defense of the state judgment of conviction, before this Court permits the commencement of federal proceedings in the course of which the adequacy of the state collateral attack or relief proceedings will be examined?

Since the Court of Appeals has determined the Warden is entitled to supplement the evidentiary record made in the state relief proceedings and now before this Court, is it not reasonable to inquire in which forum that supplemental record should be made? One alternative is to have this Court hold the evidentiary hearing sought by the Warden as a supplement to the record made in the state relief proceedings and then make findings of fact and legal rulings without opportunity for the state tribunal to hear the additional matters. The second alternative is to allow the state court opportunity to reopen the state relief proceedings and receive the evidentiary offering first declined but now requested by the Warden, and to exercise the state's prerogative to first find and rule on the federal constitutional claims raised by that record.

■ I conclude the interests of all parties concerned will be best served by having that supplemental evidentiary hearing held by the forum charged with responsibility for the initial post-conviction hearing in 1961.[2] The judgment of conviction is a state judgment and the available and adequate state judicial processes should be given first and full opportunity either to rectify an unlawful conviction or uphold a lawful conviction after fair hearing. The state prisoner then has the right to seek federal habeas relief in the course of which the United States District Court for the District of Oregon will examine the state record and rulings under the dictates and tests laid down in Townsend v. Sain, supra.

■ So, and acting with the same spirit that induces a federal court to defer action until the state court may first act upon a state matter, I conclude these proceedings should be stayed to allow the Warden opportunity to apply to the Circuit Court of the State of Oregon for Marion County, in the cause entitled Gidley v. Gladden, No. 48991, within 30 days from the date hereof, for leave to forthwith reopen that cause for the purpose of conducting the evidentiary hearing on the "issue of fact as to whether [Gidley] had acted knowingly and voluntarily in waiving assistance of counsel and in pleading guilty" and as ordered by the Court of Appeals in opinion No. 19,-176, 337 F.2d p. 579, supra.

If such leave be granted, these proceedings are further stayed, reasonably awaiting the state court's hearing on that "issue of fact" and any other issue raised, its findings of fact and rulings had and entered in connection with Gidley's federal claims of unlawful conviction and further awaiting appeal, if any, to the Supreme Court of Oregon.

Should the Warden fail to make such application for leave to reopen, or should the state court decline to allow such application if made, or should Gidley be aggrieved by the final order of the state court and any appeal from it upon a reopening of cause No. 48991, then in any of these events Gidley may apply to this Court for further relief upon his petition herein in light of the decision of the United States Court of Appeals for the Ninth Circuit.

2. Blair v. People of California, No. 18,949, 340 F.2d 741 (9th Cir. Jan. 6, 1965).

It is ordered that these proceedings be stayed for these purposes and until further order and that this Court retain jurisdiction of this cause and the parties for all purposes of Gidley's petition herein until further order.