Argued December 8, dismissed December 28, 1966

## STATE OF OREGON *v.* JOHN SCHARBROUGH
### 421 P. 2d 976

*Kenneth S. Solomon,* Portland, argued the cause and filed briefs for the appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PER CURIAM.

On November 8, 1965, the defendant, having previously been found guilty of the crime of assault and robbery, being armed with a dangerous weapon (case No. C-44911), was sentenced by the court to imprisonment in the Oregon State Penitentiary for an indeterminate period of time, the minimum term of which was fixed at 25 years. On November 16, 1965, Deputy District Attorney Hampton, who prosecuted this case, and the defendant, accompanied by his counsel, Mr. Oscar Howlett, an experienced criminal lawyer, appeared before the Honorable Alfred T. Sulmonetti, the judge who presided over the trial, and the following proceedings were had: Mr. Hampton stated to the court that three other indictments were pending against the defendant, one for armed robbery, another for assault with a dangerous weapon, and a third for kidnapping; that the defendant desired that the sentence previously imposed in case No. C-44911 be vacated and that he be permitted to enter a plea of guilty in that case and that the court impose a life sentence, and, upon these things being done, Mr. Hampton would move for dismissal of the indictments in the other cases. Mr. Howlett confirmed the prosecutor's statement and moved the court to vacate the prior sentence and resentence the defendant in case No. C-44911, after taking into consideration the other charges of armed robbery and assault with a dangerous weapon. The judge thereupon interrogated the defendant for the purpose of determining whether he understood the proceedings and whether his counsel had advised him about them and whether he desired the proposed action by the court. The court, having satisfied himself about these matters, vacated the previous sentence, allowed the defendant to withdraw the plea of not guilty and

to enter a plea of guilty and sentenced the defendant to a life term in the penitentiary. The court also dismissed the other indictments.

This appeal is from the judgment and sentence of life imprisonment.

The defendant attacks the procedure on various grounds, among others, that the court was without jurisdiction to impose the second sentence. ORS 138.050 provides that on appeal from a conviction following a plea of guilty "the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed." No such question is raised here by the defendant. He urges, however, that the judgment is void because the circuit court, as he contends, lacked jurisdiction to enter it. But, as the defendant pleaded guilty, we are precluded by the statute from considering that question as well as any other except the question expressly stated in the statute. It was so held in *State v. Froembling,* 237 Or 616, 621-622, 391 P2d 390. It follows that this court is without jurisdiction of the appeal and the appeal should be, and is, hereby dismissed.

McALLISTER, C. J., specially concurring.

Plea bargaining at its best is a questionable practice and when indulged in by a judge is deplorable.[1] However, because of the plea of guilty we cannot reach the problem in this case, and I concur in the majority opinion. The effect of the plea bargaining in this case can be considered only if raised in a subsequent proceeding.

[1] United States v. Gilligan, 256 F Supp 244 (1966); Wright, *The New Role of Defense Counsel under Escobedo and Miranda,* 52 ABAJ (Dec 1966); 112 U Pa L Rev 865.