Argued January 3, affirmed February 1, 1967

# REYNOLDS *v.* SHOBE

423 P. 2d 182

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Robert Burns,* Deputy District Attorney, Oregon City, argued the cause for respondent. On the brief were Roger Rook, District Attorney and James E. Redman, Deputy District Attorney, Oregon City.

Before PERRY, Chief Justice, and McALLISTER,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,*
Justices.

SLOAN, J.

The trial court, after an evidentiary hearing, denied
Reynolds' petition for post conviction relief. He ap-
peals. The statement of the case in his brief ade-
quately states the question presented on this appeal:

"Petitioner brings post-conviction claiming that
under the facts of this case his constitutional rights
have been invaded. He complains that he was not
represented by counsel at the time he waived indict-
ment by the grand jury and entered pleas of guilty
to the felony of larceny in a dwelling house and
petit larceny. Petitioner further claims that he did
not knowingly and understandingly waive his right
to counsel. If petitioner is correct, then this is a
constitutional impediment which will void his con-
viction and entitle him to relief therefrom."

The charge filed against Reynolds and to which
he plead guilty was for burglary in a dwelling. When
the court considered the facts and passed sentence two
days later, the court, on its own motion, reduced the
charge to petit larceny.

■ Since the crime for which Reynolds was sen-
tenced was a misdemeanor, it is first necessary to an-
swer the question: Is post conviction relief available to
test the constitutional validity of a conviction for a
misdemeanor? The statutes provide the direct answer
that post conviction relief is not limited to felony
convictions.

ORS 138.510 permits "* * * any person con-
victed of a crime under the laws of this state may

---

* Holman, J., did not participate in the decision of this opinion.

file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680." ORS 161.020 defines a crime as "* * * an act or omission forbidden by law and punishable upon conviction by any of the following punishments:

"(1) * * *
"(2) Imprisonment
"(3) * * *
"(4) * * *
"(5) * * *"

However, this does not require that we now decide that the constitutional right to counsel attaches to persons charged with having committed a misdemeanor. For in the instant case the question of Reynolds' waiver of the right to counsel occurred when he was charged with a felony. The issue here is his right to counsel on the original felony charge.

The thrust of this appeal is that we should overrule *McWilliams v. Gladden*, 1965, 242 Or 333, 407 P2d 833, and now hold that "[t]here is no waiver without the advice of counsel." This we are not prepared to do.

■ A factual question as to whether or not Reynolds knowingly waived his right to counsel was also decided by the post conviction court and presented here. As before mentioned, Reynolds was originally charged with burglary in a dwelling. He was arraigned in the district court and asked for time to see an attorney, which the district court allowed. Immediately thereafter he appeared in the district attorney's office. Whether he was taken there at his request or at the urging of someone else does not appear. It is not suggested that he was taken against his will or that the district attorney was responsible for his presence there. It also appears that he knew the deputy that

he talked with. The nature of the conversation between Reynolds and the deputy district attorney is somewhat in conflict. At his post conviction hearing Reynolds claimed that he was induced by promises and coercion to enter a plea of guilty to a district attorney's information charging larceny in a dwelling. This is contrary to statements made by Reynolds to the sentencing court. The deputy district attorney testified at the post conviction hearing that he did no more than tell Reynolds what the maximum penalty for the offense charged would be and answered other questions Reynolds had asked him relative to how long it would be before the case would be tried and as to questions the court might ask on a plea of guilty. The deputy denied any coercion to obtain the plea.

In any event, Reynolds was taken from the district attorney's office to the circuit court. The circuit judge explained to Reynolds his right to have an attorney appointed for his defense and of his right to have the case considered by a grand jury. Reynolds told the judge that he did not want an attorney nor grand jury consideration and desired immediate disposition of the case. He then signed a waiver of indictment and entered a plea of guilty to an information charging larceny in a dwelling. The court, at that time, took no further action and ordered Reynolds returned to the court two days later for sentencing.

At the sentencing hearing both the district attorney and Reynolds told the judge the facts relating to the offense charged. At that point the court refused to accept the plea of guilty to larceny in a dwelling and reduced the charge to petit larceny. He suspended a sentence of one year in jail and placed Reynolds on probation.

At the post conviction hearing the court heard the

testimony of Reynolds and the attorney who had been the deputy district attorney at the time the sentence was imposed and had before him the record of the proceedings at the plea of guilty and sentence. The problem presented to the post conviction judge in this case was primarily to decide which of the conflicting testimony to believe and to test the credibility of Reynolds' testimony at the post conviction hearing against statements he had made to the sentencing court. There is nothing in the record which indicates that the court misjudged the credibility of the witnesses.

■ It is also apparent that if there had been any doubt as to Reynolds knowing waiver of his right to counsel at the time he entered the plea of guilty, it was cured at the hearing when sentence was imposed. It is clear from the record of all of the proceedings that Reynolds not only understood what he was doing but that the court fully protected his rights.

Affirmed.

DENECKE, J., specially concurring.

In my opinion the "rightness" or "wrongness" of the decision in *McWilliams v. Gladden,* 242 Or 333, 407 P2d 833 (1965), does not have to be decided in this case.

At the sentencing the trial court performed the obligations which are required of a trial court by *Von Moltke v. Gillies,* 332 US 708, 68 S Ct 316, 92 L ed 309 (1948). This commendable action "saved" the case. *Sessions v. Wilson,* — F2d — (9th Cir 1966), decided November 28, 1966, applied the principle of *Von Moltke v. Gillies,* supra, to a habeas corpus case of a state prisoner.

It is uncontradicted that the defendant was initially charged with burglary and at the hearing on the information requested the assistance of counsel. This assistance was never received and immediately after the request the defendant was taken to the deputy district attorney's office; within two hours he was brought before a different court upon an information charging a lesser offense, larceny. The second court was never informed of the first charge or the request for counsel. With these facts alone I believe even the rationale of *McWilliams v. Gladden,* supra, would not support the judgment.

O'CONNELL, J., joins in this specially concurring opinion.