Submitted on record and briefs October 17, affirmed November 15, 1967, petition for rehearing denied January 16, 1968

# STANLEY DEE ROSE, *Appellant, v.* GLADDEN, *Respondent.*

433 P. 2d 612

See also 245 Or 119, 420 P.2d 622.

Stanley Dee Rose, *in propria persona*, for appellant.

David H. Blunt, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem, for respondent.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

WOODRICH, J. (Pro Tempore).

The petitioner, hereinafter called defendant, appeals from the trial court's judgment in a post-conviction proceeding sustaining the validity of defendant's guilty plea to the crime of assault with a dangerous weapon.

Defendant contends that the guilty plea was involuntary because induced by the bringing of a more severe criminal charge. The defendant was charged initially with the crime of assault with intent to kill. After arraignment on this charge, defendant was furnished court-appointed counsel. Counsel discussed the charge with the defendant and advised him of the possibility of the state obtaining a conviction. Defense

counsel and defendant also discussed the possibility of obtaining a reduction in the charge by negotiation with the district attorney. With the advice of his attorney, the defendant pleaded guilty to the lesser offense of assault with a dangerous weapon and the initial, more severe charge was dismissed. An armed robbery charge in Idaho was also dismissed after the entry of the guilty plea, sentence, and restitution to the Idaho victim. The case against a co-defendant followed the same course. The co-defendant was represented independently of this defendant by separate counsel. Defendant was sentenced to the maximum term provided by law for the lesser offense.

A guilty plea, if induced by promises or threats which deprive the plea of the character of a voluntary action, is void. A conviction based upon such a plea is open to collateral attack. *Machibroda v. United States,* 368 US 487, 82 SC 510, 7 L Ed 2d 473 (1962). The United States Supreme Court has not ruled on the question of whether plea bargaining renders a guilty plea involuntary. This question has, however, been passed on by a number of the lower federal courts. In *Sorrenti v. United States,* 306 F2d 236 (5th Cir 1962), defendant was indicted on three narcotic violation counts: (1) smuggling, (2) concealment and transportation, and (3) failure to pay the transfer tax on marijuana. Defendant was represented by experienced court-appointed counsel who was able to obtain the agreement of the United States attorney to dismiss counts (1) and (2) if defendant would plead guilty to count (3). On appeal, the 5th Circuit sustained the trial court's finding that the plea was voluntary. The Supreme Court denied certiorari. 373 US 916 (1963). In *Holt v. United States,* 329 F2d 368 (7th Cir 1964), the United States attorney had

expressed an opinion to defense counsel that defendant would receive a sentence of a maximum of five years if defendant would enter a guilty plea. The United States attorney also agreed to make certain motions favorable to the defendant, which motions apparently were made. The matter of sentence was not discussed with the court prior to the guilty plea. Defendant entered his guilty plea and the court imposed an eight-year sentence. On appeal, the 7th Circuit sustained the voluntariness of the plea. Certiorari was denied. 379 US 992 (1965). In *Cortez v. United States,* 337 F2d 699 (9th Cir 1964), cert. den. 381 US 953, the defendant and his brother were indicted for aiding and abetting defendant's wife in illegally importing heroin. Defendant was represented by court-appointed counsel. Defendant changed his plea from not guilty to guilty and thereby obtained the reduction of the charge against his wife. The appellate court sustained the trial court's finding that the plea was entered voluntarily. The court said at page 701:

"We take judicial notice of the fact that the vast majority of those who are indicted for federal crimes plead guilty. We know, too, that in many of the cases where this occurs the plea will be to one count, or less than all counts, of a multi-count indictment, or to a lesser offense than that originally charged. In a sense, it can be said that most guilty pleas are the result of a 'bargain' with the prosecutor. But this, standing alone, does not vitiate such pleas. A guilty defendant must always weigh the possibility of his conviction on all counts, and the possibility of his getting the maximum sentence, against the possibility that he can plead to fewer, or lesser, offenses, and perhaps receive a lighter sentence. The latter possibility exists if he pleads guilty, as Cortez did, to the whole charge against him.

"No competent lawyer, discussing a possible

guilty plea with a client, could fail to canvass these possible alternatives with him. Nor would he fail to ascertain the willingness of the prosecutor to 'go along.' Moreover, if a co-defendant is involved, and if the client is anxious to help that co-defendant, a competent lawyer would be derelict in his duty if he did not assist in that regard. At the same time, the lawyer is bound to advise his client fully as to his rights, as to the alternatives available to him, and of the fact that neither the lawyer nor the prosecutor nor anyone else can bargain for the court. There is nothing wrong, however, with a lawyer's giving his client the benefit of his judgment as to what the court is likely to do, always making it clear that he is giving advice, not making a promise.

"The important thing is not that there shall be no 'deal' or 'bargain', but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced." 337 F2d at 701.

Finally, in *Barber v. Gladden,* 220 F Supp 308 (D Or 1963), Aff'd 327 F2d 101 (9th Cir), cert. den. 377 US 971 (1964), the defendant was charged with burglary with explosives. Defendant, who had a substantial past record, was represented by able defense counsel. Defense counsel and the district attorney discussed the district attorney's intention to file habitual criminal proceedings against the defendant in the event the defendant pleaded not guilty and was convicted on trial. This possibility was discussed by defense counsel with the defendant. The defendant contended that his guilty plea was not voluntary because it was coerced by the district attorney's threat to file habitual criminal proceedings. The federal district court for the district of Oregon found the guilty plea voluntary.

■■■ The validity of a guilty plea induced by an agreement to reduce the charge has not been passed upon directly by this court. In those cases where the issue has been raised the case has been decided on other grounds. See *Reynolds v. Shobe,* 245 Or 578, 423 P2d 182 (1967); *Lawson v. Gladden,* 245 Or 492, 422 P2d 681 (1967); and *State v. Scharbrough,* 245 Or 328, 421 P2d 976 (1966). The record in this case indicates that defendant was represented by experienced counsel at the time of the discussion concerning the reduction of the charge as well as at the time of the entry of the plea. Defense counsel personally investigated and was aware of the facts of the case against the defendant. He fully advised the defedant concerning the alternatives available to him and the possible consequences of defendant's choices. Defense counsel advised defendant of his opinion of the possibility of a conviction on the trial of the initial charge. The lesser charge reduced the maximum possible penalty from life imprisonment to 10 years. There is nothing in the record to indicate that defendant was ignorant of the possible consequences of his choice to plead guilty. The court was not in the instant case and should not in any case be involved in the negotiation process. We feel that where defendant is represented by competent counsel, is made aware of the alternatives available to him, and is given the means to reach an intelligent choice concerning these alternatives, a negotiated plea is not, by reason of its negotiation, rendered involuntary.

It should be noted that under some circumstances the most valuable service counsel can perform for an accused client is to obtain the reduction of the charge from a more severe to a less severe charge. To adopt a rule that would foreclose this avenue and require the

client to gamble on the outcome of a trial on the more severe charge would work to the detriment of many criminal defendants. The decision to enter a guilty plea to a reduced charge involves a knowledgeable, informed appraisal of the extent of the risk involved in facing the more severe charge. The accused must weigh the strength of the case against him, the length of maximum sentence allowable under each charge, possible legal and factual defenses, as well as the attitudes of the judge and jurors likely to be involved in a trial. Defendant in the instant case would have been risking a life sentence in a case where there were two eye witnesses prepared to testify in support of the initial charge. Defendant, through experienced counsel, was in a position to evaluate the alternatives open to him and to knowingly select a course which appealed to him most. A choice under these circumstances is a free and voluntary choice.

■ On appeal, defendant contends that the trial court erroneously permitted two charges to be filed against him growing out of the same transaction, i.e., the indictment charging assault with intent to kill and the information charging assault with a dangerous weapon. The contention is without merit in that this was merely the mechanical procedure used to implement the plea to the lesser charge and in no way prejudiced the rights of the defendant. The indictment was dismissed immediately after the guilty plea to the lesser charge. In any event, the contention was not included in his petition and so is not properly before this court.

■ Defendant's claim that he was not of sufficient age to enter a guilty plea is without merit. Defendant was over the age of 18.

The other issues raised by defendant were issues of fact resolved by the trial court in the post-conviction hearing. The evidence in the record amply supports the trial court's findings.

Affirmed.