Submitted on record and appellant's brief February 3, appeal
dismissed March 5, petition for rehearing denied
April 7, 1970. Petition for review denied
by Supreme Court
April 21, 1970

## STATE OF OREGON, *Respondent, v.*
## VLADIMIR KABACHENKO,
### *Appellant.*

465 P2d 891

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

Defendant pleaded guilty to the crime of contributing to the delinquency of a minor. Sentence was imposed on July 7, 1969, less than three weeks before the decision of the Oregon Supreme Court in *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969). In *Hodges*, the Supreme Court declared unconstitutional the portion of the statute under which the defendant here was charged. He has appealed, claiming that his conviction should be vacated because of the unconstitutionality of the statute and further that the court erred in accepting his guilty plea because the allegations set forth in the indictment do not contain facts sufficient to state a crime.

We cannot consider either of defendant's assignments of error. The only statutory provision permitting an appeal by the defendant after the entry of a plea of guilty is ORS 138.050.[1] The only question which can be raised in an appeal after a guilty plea is whether the court imposed an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense. We are prohibited by the statute from considering any other question.

The governing statute received full discussion in the case of *State v. Jairl*, 229 Or 533, 368 P2d 323 (1962). At pages 538 and 539 the court said:

"However, we do not reach the merits because we are convinced that this court is without jurisdiction to consider the kind of questions raised by the defendant on this appeal. The State has not challenged the right of the defendant to appeal

from a conviction based upon a plea of guilty. However, a court must take judicial notice of its own jurisdiction, and the scope of that jurisdiction cannot be enlarged by consent or waiver. *Powell v. State By and Through Board of Pilot Commissioners,* 224 Or 122, 355 P2d 224. We have not hesitated, after oral argument in this court, to dismiss appeals in which the question of jurisdiction was overlooked when it subsequently became apparent that we were without power to consider the issues which the appellant sought to submit: *McEwen v. McEwen,* 203 Or 460, 280 P2d 402 (1955); *State v. Brooks,* 214 Or 535, 331 P2d 343 (1958)."

The holding in that case is controlling here. Defendant's remedy, if any, must be found in the Post-Conviction Relief Act.

Appeal dismissed.

---

① ORS 138.050 (as amended by Chapter 198, Laws 1969):

"A defendant who has plead guilty may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. If the judgment of conviction is in the circuit court, the appeal shall be taken to the Court of Appeals; if it is in the district court, justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. If in the judgment of the appellate court the fine imposed is excessive or the punishment imposed is excessive, unusual or cruel and not proportionate to the offense, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."