Argued January 26, appeal dismissed March 12, 1970

## STATE OF OREGON, *Respondent, v.*
## BERNIE PAUL MIDDLETON,
### *Appellant.*

465 P2d 913

*William V. Bierek,* Portland, argued the cause and filed the briefs for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

## BRANCHFIELD, J.

■■ Defendant pleaded guilty to a charge of conspiracy to commit a felony. (ORS 161.320). The accusation against defendant was based upon promoting a lottery in violation of ORS 167.405. Considerable merchandise and other personal property had been seized for use as evidence at his trial. After sentence was imposed, defendant moved for release of the property which had been seized. Instead of granting that motion, the court ordered forfeiture of the property pursuant to ORS 167.430.[1] This appeal is from the order of forfeiture. Defendant's plea of guilty limited the scope of appeal to the question of whether or not the sentence is excessive, cruel or unusual. See ORS 138.050. He has not complained about the sentence, so there is nothing before us to decide. *State v. Scharbrough*, 245 Or 328, 421 P2d 976 (1966). If defendant has a remedy, it is civil in nature.

The appeal is dismissed.

---

[1] ORS 167.430:

"(1) All sums of money and every other valuable thing drawn as a prize in any lottery or pretended lottery, by any person within this state, are forfeited to the use of the state, and may be sued for and recovered by a civil action.

"(2) Nothing contained in ORS 465.010 to 465.070 shall interfere with the duty of officers to take possession of property as provided by subsection (1) of this section."