Argued June 16, affirmed July 9, petition for rehearing denied
August 4, petition for review denied September 22, 1970

STATE OF OREGON, *Respondent, v.*
JEROME HENRY BRUDOS, *Appellant.*
Nos. 67640, 67698, 67700.
471 P2d 861

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Gary D. Gortmaker*, District Attorney, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

PER CURIAM.

The defendant, having pleaded guilty orally and in writing and with the advice of counsel to three first-degree murders, received three consecutive life sentences. He appeals from these convictions and sentences assigning as error: (1) the court's acceptance of his guilty pleas, and (2) the imposition of consecutive life sentences.

■ With regard to the second assignment of error the thrust of the defendant's argument is that once a person has received a life sentence for an offense all sentences for other crimes, no matter how serious, must run concurrently with the previously-imposed life sentence. This issue has been decided adversely to his contention in *State v. Andrews*, 2 Or App 595, 469 P2d 802, Sup Ct *review denied* (1970).

■ Even if we assumed that there was any merit in defendant's first assignment of error we could not consider it on direct appeal. The thrust of ORS 138.050 is that after a plea of guilty the only question which may be considered on direct appeal is the nature of the sentence, that is, whether the punishment is excessive, cruel or unusual. *State v. Shannon*, 242 Or 404, 409 P2d 911 (1966); *State v. Middleton*, 2 Or App 70, 465 P2d 913 (1970); *State v. Kabachenko*, 2 Or App 202, 465 P2d 891 Sup Ct *review denied* (1970). If the defendant thinks that he has any justifiable grounds for having his pleas of guilty set aside he must present those grounds within the procedural framework mandated by the legislature.

Affirmed.