Argued July 23, affirmed July 30, 1970

STATE OF OREGON, *Respondent, v.*
CHARLES MONROE FERREN, *Appellant.*

473 P2d 165

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

PER CURIAM.

Defendant pleaded guilty to assault with a dangerous weapon and was sentenced to five years in prison.

On this direct appeal his sole assignment of error is that the trial court, in accepting his guilty plea, did not directly advise him of the maximum statutory penalty for his crime. As we said in *State v. Brudos,* 3 Or App 239, 240, 471 P2d 861, Sup Ct *review denied* (1970):

> "Even if we assumed that there was any merit in defendant's * * * assignment of error we could not consider it on direct appeal. The thrust of ORS 138.050 is that after a plea of guilty the only question which may be considered on direct appeal is the nature of the sentence, that is, whether the punishment is excessive, cruel or unusual. *State v. Shannon,* 242 Or 404, 409 P2d 911 (1966); *State v. Middleton,* 2 Or App 70, 465 P2d 913 (1970); *State v. Kabachenko,* 2 Or App 202, 465 P2d 891 (1970). If the defendant thinks that he has any justifiable grounds for having his plea[s] of guilty set aside he must present those grounds within the procedural framework mandated by the legislature."

Affirmed.