Argued September 22, affirmed October 15, 1970

# STATE OF OREGON, *Respondent, v.* ARTHUR ANTONE WICKENHEISER, *Appellant.*

### 475 P2d 422

*Douglas M. Fellows,* Portland, argued the cause for appellant. With him on the brief were N. Robert Stoll, Hedrick & Fellows, and Anderson, Hall, Lowthian & Stoll, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Ben R. Swinford and Charles Robinowitz, Portland, filed a brief for American Civil Liberties Union of Oregon as amicus curiae.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant pled guilty to the crime of taking and using a motor vehicle without permission. ORS 164.670. He was sentenced to two years' imprisonment.

At the time of sentence, the judge, upon hearing that defendant had had two prior felony convictions, informed the district attorney that habitual criminal proceedings were in order.

Thereafter this was done. At their conclusion the former sentence was vacated and a sentence of four years was imposed.

On this appeal defendant does not challenge the trial court's finding that he had in fact been previously convicted of two felonies, nor does he claim that the sentence imposed was in excess of that authorized by law, either for the crime to which he pled guilty or under the enhanced penalty provisions of the Habitual Criminal Act, ORS 168.015 to 168.090.

He claims that his plea of guilty was the result of a plea bargaining agreement openly arrived at between himself and his counsel, and the district at-

torney. He further claims that as a part of that bargain the district attorney agreed that the state would not seek the imposition of an enhanced penalty under the Habitual Criminal Act.

We note that the defendant, prior to the imposition of the enhanced penalty, did not move to withdraw his plea of guilty. No claim is made that the trial court abused its discretion under such circumstances in refusing to allow him to withdraw his plea. Rather, it is his position that he does not wish to withdraw his plea of guilty. He contends that he is entitled to the benefit of the bargain which he made with the district attorney.

ORS 138.050 defines the matters which this court can consider on a direct appeal from a judgment imposed pursuant to a plea of guilty.

In *State v. Jairl*, 229 Or 533, 368 P2d 323 (1962), the Supreme Court said:

"We believe that the legislature intended to prohibit appellate review of convictions based upon a plea of guilty except to the limited extent granted by ORS 138.050. The restrictive language of ORS 138.050 would have no effect if a defendant could appeal alternatively under ORS 138.040 and 138.050 or concurrently under both statutes. ORS 138.050 must be held to overrule by implication the interpretation which this court placed on ORS 138.040 in *State v. Lewis*.

"We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section and no other. Whatever may have been the state of the law at the time ORS 138.050 was enacted, a defendant now has adequate means, provided by the Post-Conviction Hearing Act, by which to assert rights guaranteed by the state and federal

constitutions. He is entitled to no more." 229 Or at 541-42.

See also: *State v. Gidley*, 231 Or 89, 371 P2d 992 (1962); *State v. Froembling*, 237 Or 616, 391 P2d 390, cert den 379 US 937, 85 S Ct 339, 13 L Ed 2d 347 (1964); *State v. Kabachenko*, 2 Or App 202, 465 P2d 891 Sup Ct *review denied* (1970); *State v. Brudos*, 3 Or App 239, 471 P2d 861 Sup Ct *review denied* (1970).

Defendant earnestly contends that the action by the state in filing under the enhanced penalty statute on these facts was a denial of the equal protection of the laws under both the state (Oregon Constitution, Art I, § 20; Art III, § 1; Art V; Art VI) and federal (U. S. Const. amend. XIV) constitutions. He points out that the Supreme Court in *State v. Hicks*, 213 Or 619, 325 P2d 794 (1958), cert den 359 US 917, 79 S Ct 594, 3 L Ed 2d 579 (1959), did on direct appeal consider—and deny—that the application of the Habitual Criminal Act to some offenders and not to others was in violation of the equal protection clause.[①] We note first that *Hicks* was an appeal following a not guilty plea, and second that it was decided before the Post-Conviction Relief Act was adopted by the legislature. It is therefore not in point.

Furthermore, in *State v. Froembling*, supra, the Supreme Court said:

"* * * When a defendant pleads guilty, as he did in the present case, the only question which this court is authorized to consider is 'whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed.' ORS 138.050. * * *" 237 Or at 622.

[①] See also: Bailleaux v. Gladden, 230 Or 606, 370 P2d 722, cert den 371 US 848, 83 S Ct 86, 9 L Ed 2d 84 (1962), arising under the Post-Conviction Relief Act.

None of the remaining contentions concerning rulings made by the trial court in the course of the proceedings come within the ambit of ORS 138.050. The defendant here does not contend that the sentence of two years first imposed by the trial court was in violation of ORS 138.050. The sentence imposed pursuant to the enhanced penalty statute, ORS 168.085(2), was substantially less than the maximum allowable and was certainly "in the court's discretion," as expressly provided in ORS 168.085.

The defendant's remedy, if he has any, may be pursued only under the Post-Conviction Relief Act. *State v. Gidley*, supra, 231 Or at 93; *State v. Slopak*, 3 Or App 532, 475 P2d 421, decided this date.

The judgment is affirmed.