Argued June 26, affirmed July 3, 1972

STATE OF OREGON, *Respondent, v.* DONALD
VAN VALKENBERG (No. C-71-09-2921), *Appellant.*

498 P2d 797

*George V. Des Brisay,* Portland, argued the cause
for appellant. With him on the brief were Franklin,
Bennett, Des Brisay & Jolles, Portland.

*John H. Clough,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant pleaded guilty to the crime of illegal sale of a dangerous drug. Former ORS 475.100. He was sentenced to a maximum term of five years' imprisonment. Defendant's sole contention on appeal is that the court was "guilty of abuse of discretion in not permitting the defendant * * * to withdraw his plea of guilty prior to sentencing."

In a number of recent cases we have pointed out that ORS 138.050 limits the scope of direct appeals from a judgment of conviction based upon a guilty plea to matters pertaining to the sentence. *State v. Slopak,* 3 Or App 532, 475 P2d 421 (1970); *State v. Wickenheiser,* 3 Or App 509, 475 P2d 422 (1970); *State v. Gardner,* 3 Or App 486, 475 P2d 92 (1970); *State v. Brudos,* 3 Or App 239, 471 P2d 861, Sup Ct *review denied* (1970); *State v. Middleton,* 2 Or App 70, 465 P2d 913 (1970); *State v. Kabachenko,* 2 Or App 202, 465 P2d 891, Sup Ct *review denied* (1970). Thus we cannot consider defendant's contention that the trial court abused its discretion by not permitting him to withdraw his guilty plea.

It follows that defendant's remedy, if he has any, may be pursued only under the Post-Conviction Relief Act, ORS 138.510, et seq.

Affirmed.