Argued and submitted August 25, reversed and
remanded October 13, reconsideration denied December 4,
petition for review allowed December 16, 1980

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT JOSEPH EVANS,
*Appellant.*

(No. 79-9-177, CA 16668)

617 P2d 942

James J. Roberson, Portland, argued the cause and submitted the brief for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Karen H. Green, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The defendant pled guilty to the crime of prostitution. ORS 167.007. He now appeals, contending that the trial court erred in accepting his guilty plea because the court failed to advise him of all of the potential consequences of his plea and conviction. We agree and reverse.[1]

ORS 135.385 provides as follows:

"(1) The court shall not accept a plea of guilty or no contest to a felony or other charge on which the defendant appears in person without first addressing the defendant personally and determining that the defendant understands the nature of the charge.

"(2) *The court shall inform the defendant:*

"(a) That by a plea of guilty or no contest the defendant waives the right:

"(A) To trial by jury;

"(B) Of confrontation; and

"(C) Against self-incrimination.

"(b) Of the maximum possible sentence on the charge, including the maximum possible sentence from consecutive sentences.

"(c) When the offense charged is one for which a different or additional penalty is authorized by reason of the fact that the defendant may be adjudged a dangerous offender, that this fact may be established after a plea in the present action, thereby subjecting the defendant to different or additional penalty.

"(d) *That if the defendant is not a citizen of the United States conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization.*" (Emphasis supplied.)

It is undisputed that the trial court did not give any warning which would comply with the terms of ORS 135.385(2)(d).

■ The state's sole argument is that this alleged error is not cognizable on direct appeal. The state relies on ORS 138.050, which limits the available

---

[1] Our disposition of this issue means that we do not reach the defendant's other assignments of error.

grounds for appeal following a guilty plea and subsequent conviction to "* * * the question whether an excessive, cruel or unusual punishment has been imposed. * * *"[2]

However, in *State v. Reichert,* 39 or App 905, 908, 593 P2d 1298 (1979), which dealt with a factual situation similar to that presented here,[3] we held that ORS 138.050 did not preclude our review where "* * * defendant seeks a reversal of his 'conviction' because, as a matter of law, there has been no guilty plea and no conviction. * * *" We said that, when the record is complete and no evidentiary hearing is required, and when the question is solely a legal one as to the effect of a guilty plea accepted contrary to statutory mandate, "* * * the plea is voidable and may be attacked on direct appeal. * * *" 39 Or App at 908. This is such a case. The record is clear and the issue is solely a legal one. The defendant may attack the acceptance of his plea in this case on direct appeal.

It is true, as the state points out, that this court has previously and specifically held that a defendant's claim that his guilty plea should be set

---

[2] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

[3] In *State v. Reichert, supra,* the trial court had accepted the defendant's guilty plea entered on the day of arraignment when the defendant was not represented by counsel. The acceptance of the plea contravened the terms of ORS 135.380(2), which provides:

"A defendant with counsel may plead guilty or no contest on the day of arraignment or any time thereafter. A defendant without counsel shall not be allowed to plead guilty or no contest to a felony on the day of arraignment."

aside on the ground that the trial court failed to advise him of a consequence of his plea could not, by virtue of ORS 138.050, be considered on direct appeal. *State v. Ferren,* 3 Or App 224, 473 P2d 165 (1970). However, *Ferren* involved the right to be told of a direct consequence of the plea—the maximum sentence. This is a consideration of constitutional significance, *Jones v. Cupp,* 7 Or App 415, 417, 490 P2d 1038 (1971), *rev den* (1972), and therefore cognizable under post conviction relief. ORS 138.530(1)(a). By contrast, defendant's right to be advised here is statutory only and not cognizable under post conviction relief. *See, e.g., Jones v. Cupp, supra.* If the right is to be enforced at all, it must be enforced by direct appeal.

■ ■    Having determined that we may consider the issue, we hold that the trial court erred in accepting the defendant's plea without informing the defendant of the potential consequences outlined in ORS 135.385(2)(d). The statute is clear and mandatory. Before a guilty plea is accepted, the court is to inform the defendant of the possible results of the plea. This the trial court failed to do.

It might be argued that, while the trial court erred in not giving the defendant the requisite information, the error is not reversible. The record in the present case does not suggest that the defendant is an alien. Therefore, it might be contended that the trial court did not have to give defendant the information outlined in ORS 135.385(2)(d), or that the failure to give defendant the information was not harmful. We reject both of these rationales.

Taking the last proposition first, ORS 135.385 is, as we have noted, clear and mandatory. If a conviction, based on a guilty plea taken without providing the information set at in ORS 135.385(2), is not reversible, then that provision of the statute is not enforceable and the statute is an empty admonition to trial judges.

Returning to the first contention, the unambiguous language of ORS 135.385(2)(d) indicates that

the information is to be given to all defendants, and not just to those who are known to be aliens. Even if the language were ambiguous, requiring the explication of legislative history, that history demonstrates that the legislature meant precisely what it said: the information must be given to all who plead guilty.[4] In this case, the information was not given to the defendant. It follows that the trial court erred in accepting the defendant's plea of guilty.

We recognize that our ruling creates a towering triumph of form over substance, inasmuch as—for all that appears on the record—this defendant is not an alien and the lack of a warning in this case did not harm him. However, the legislature in its wisdom has directed that this warning be given, whatever its limited efficacity may be.

Reversed and remanded.

**CAMPBELL, J.,** dissenting.

I dissent. The defendant has not shown that he is in fact an alien and therefore prejudiced by the trial court's failure to inform him of the possible results of a guilty plea as required by ORS 135.385(2)(d). The majority concedes that the literal reading of ORS 135.385 to place a mandatory duty on the trial court to inform non-alien defendants reaches an absurd result in this case. When the literal interpretation of the language of a statute produces an absurd or unreasonable result the statute must be construed so that it is reasonable and workable. *State v. Irving,* 268 Or 204, 520 P2d 354 (1974). I would affirm the trial court.

---

[4] The bill which became ORS 135.385(2)(d) was amended in committee to clarify the legislature's intent that the information be given to all defendants who plead guilty. The committees reasoned that many aliens would be unwilling to so identify themselves, and that those who most needed the information before pleading guilty might be least apt to receive it. The committees also concluded that fewer problems in judicial administration would result if the information were routinely given to all defendants before the acceptance of a guilty plea. Minutes, Senate Committee on the Judiciary, February 21, 1979, at 9-10, March 20, 1979, at 16-17, Ex. E and F; Minutes, House Judiciary Committee, April 18, 1979, at 21-22.