Argued and submitted November 30, 1990, convictions affirmed; sentences vacated
and remanded for resentencing May 15, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JASON WAYNE ROSE,
*Appellant.*

(10-88-09796; CA A62077)

810 P2d 1321

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Defendant challenges the sentences imposed after his convictions for burglary in the first degree, menacing and carrying a dangerous weapon with intent to use it unlawfully. ORS 164.225; ORS 163.190; ORS 166.220. Those convictions arose out of a continuous and uninterrupted course of conduct. Defendant had previously been convicted for the unrelated offense of aggravated murder, for which he was sentenced to death. That conviction was affirmed and the sentence vacated. *State v. Rose,* 311 Or 274, 810 P2d 839 (1991).

Defendant was sentenced to 20 years, with a 10-year minimum, on the burglary conviction, to run consecutively to the previously imposed death sentence. On the menacing charge, he was sentenced to one year in the county jail to run consecutively to the burglary sentence; on the conviction for carrying a dangerous weapon, he was sentenced to five years, with a two and one-half year minimum, also to run consecutively to the burglary sentence.

■ He contends, first, that none of the sentences imposed may be ordered to run consecutively to the death sentence, because it is an impossible sentence and is illogical.[1] Obviously, if the death sentence is carried out, the remaining sentences, whether concurrent or consecutive, become superfluous. ORS 137.123(2) specifically authorizes the court to impose a sentence consecutive to another sentence previously imposed by any other court. In an analogous situation, we have held that a sentencing court may impose a sentence to run consecutively to a previously imposed life sentence. *State v. Brudos,* 3 Or App 239, 471 P2d 861, *rev den* (1970). There was no error.

■ Second, defendant contends that the court could not impose consecutive sentences for the three convictions involved in this appeal. A court has that authority if it finds that the convictions fall within ORS 137.123(4)(a) or (b).[2] At the time of

---

[1] The question is not rendered moot by the Supreme Court's vacating the death sentence, because defendant could be resentenced to death, and this is the only appeal that he may bring from these convictions.

[2] ORS 137.123 provides, in part:

"(4) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct *only if the court finds:*

sentencing, the judge stated:

"I am obligated, as I understand the law, to explain to you why you get an incarcerated [sic] sentence, so I will do that. And, I have read the presentence report and I have heard the testimony at the trial and the statements of other witnesses, statements of counsel, and it is my finding that you are a liar, you are manipulative, you are dangerous, you are a danger to society and by your actions that you have chosen, you have forfeited your right to live in a free and decent society. And you should be incarcerated for as long as the law will permit under whatever circumstances and in whatever fashion the law permits."

He then imposed the three sentences.

It is obvious that the judge intended to impose the maximum sentences that he could. However, he failed to find that the circumstances of the convictions came within subsection (a) or (b) of ORS 137.123(4). Although the law no longer requires the court to state its *reasons* for imposing consecutive sentences by making special findings on the record at the time of sentencing, ORS 137.123 authorizes the imposition of consecutive sentences "only if the court finds" that the case comes within subsection (a) or (b) of ORS 137.123(4). The trial court still must find that it has *authority* to impose consecutive sentences. *State v. Racicot,* 106 Or App 557, 809 P2d 726 (1991).

Convictions affirmed; sentences for burglary, menacing and carrying a dangerous weapon with intent to use unlawfully vacated; remanded for resentencing on those convictions.

---

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct." (Emphasis supplied.)