Argued February 8, affirmed February 28, 1968

# STATE OF OREGON, *Respondent, v.*
# ALBERT HENRY, *Appellant.*

437 P. 2d 851

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

The defendant was indicted, tried and convicted of the crime of illegal possession of narcotics and has appealed.

Defendant first assigns as error the denial of his motion for an acquittal made at the completion of the state's case. The motion was based upon a claim that there was insufficient evidence that defendant had personal possession of narcotics found in the home of defendant and his wife when it was searched by police officers pursuant to a search warrant. The home contained one bedroom. A bag of marijuana and seven packages of cigarette papers were found in it in a dresser drawer. In the heating duct of the same room there were also found 11 bags and a brick of marijuana. After the receipt of the above evidence in the state's case in chief and the denial of defendant's motion, defendant testified that he had never sold marijuana. On rebuttal an informer testified that on two

occasions not long prior to the search, he had purchased marijuana from defendant at defendant's home.

■■ If a defendant elects not to stand on a motion for a judgment of acquittal because of insufficient evidence which is made at the completion of the state's case in chief, the court may consider the entire record in determining the sufficiency of the evidence. *State v. Gardner,* 231 Or 193, 195, 372 P2d 783 (1962) ; *State v. Lamphere,* 233 Or 330, 332, 378 P2d 706 (1963). The evidence was sufficient to raise the inference that defendant, not his wife or someone else, was in possession of the marijuana found in defendant's home.

The remaining assignment of error is based upon the contention that the information in the affidavit which was used to secure the search warrant was tainted by electronic eavesdropping in violation of the Fourth and Fifth Amendments to the Federal Constitution. The affidavit of the officer recited that a reliable informer told him that he had twice recently made purchases of marijuana at defendant's home; that immediately previous to the last reported purchase the officer had taken the informer to defendant's home and had searched him and found no marijuana; that the officer thereafter had observed the informer go onto the porch of the home and had picked him up near there a short time later and received from him two marijuana cigarettes. During the trial it was admitted by the police that at the time the informer made the second purchase they secreted a microphone and transmitter upon the informer's person and listened to and recorded defendant's conversation with the informer. The information secured via the recording and earphones was not disclosed in the affidavit upon which the magistrate issued the warrant. The application for the warrant was based upon the word

of the informer and the informer's possession of marijuana after his last visit to defendant's home as previously recited.

■ We do not have to decide whether defendant is correct in his contention that the police's electronic' eavesdropping and recording of his conversation with the informer in his home was a violation of his Fourth Amendment right of privacy and his Fifth Amendment freedom from self-incrimination. Defendant's position must fail because the information thus gained was not used to secure the magistrate's authority to search.

The judgment of the trial court is affirmed.