Argued March 4, affirmed April 10, petition for rehearing
denied April 30, 1968

STATE OF OREGON, *Respondent, v.* EDWIN J. BUNCH and MERLE V. DERBY, *Appellants.*

439 P. 2d 6

*Gary D. Babcock,* Public Defender, Salem, argued the cause for appellants. With him on the brief was Lawrence Aschenbrenner, former Public Defender, Salem. Appellants filed a brief in propria persona.

*Robert E. Brasch,* Coquille, argued the cause for respondent. With him on the brief was Robert F. Walberg, District Attorney, Coquille.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

Defendant Merle Vernon Derby was found guilty of assault and robbery being armed with a dangerous weapon, and defendant Edwin James Bunch was found guilty of assault and robbery while not armed. They appeal.

In the early morning of June 18, 1966, Tewelde Gebremedin was beaten and cut by two men who stole his watch and $150 in cash after they had taken him for a ride in defendant Derby's automobile. Defendants and Gebremedin were seen together just before the robbery. Defendant Derby was arrested two days after the robbery. A knife was taken from his person at the time he was placed in custody. Bloodstains were discovered on the knife and on the horn rim and floor mat of the automobile, though it was impossible to tell if the blood was of human origin.

Defendants contend that there was not sufficient evidence to support the charge of assault and battery with a dangerous weapon. Defendant Derby contends that the record fails to establish that the knife taken by police and later introduced into evidence was used

in the assault. It is argued that because the victim did not see the object with which he was cut, the evidence was insufficient to establish that the defendant assaulted the victim with a dangerous weapon. There is no merit in this contention. The victim testified that he was cut three times by an instrument concealed in defendant's hand. This was sufficient evidence from which the jury could conclude that the knife introduced into evidence was used in the robbery.

■ It is also argued that it was error to admit evidence of a bloodstained floor mat and horn rim taken from defendant's automobile three days after the car had been impounded by police. No motion to suppress or objection was made to this evidence. Since the alleged error was not raised below, we shall not consider it on appeal.

The other assignments of error are also without merit. Judgment affirmed.