Argued January 21, affirmed March 26, petition for rehearing
denied April 22, 1970. Petition for review denied
by Supreme Court June 23, 1970

STATE OF OREGON, *Respondent, v.*
KENNETH B. MARCUS, *Appellant.*

467 P2d 121

*Oscar D. Howlett,* Portland, argued the cause for

appellant. On the brief were Howard R. Lonergan and James C. Niedermeyer, Portland.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted by jury of possession of marihuana and sentenced to 18 months' imprisonment. He appeals alleging error in the admission of evidence.

Pursuant to a Portland Municipal Court search warrant directing search of the person of defendant, Kenneth B. Marcus, and the premises described in the warrant for "narcotics and narcotics paraphernalia," the police, on June 20, 1967, proceeded to the described premises, a two-story house with basement and attic. The defendant was not present, but three girls, including Nina Gough, were there and one of them admitted the police. Besides finding substantial quantities of marihuana in the attic and basement, they found marihuana in a bedroom in a box beside the bed. Near the box containing marihuana they found a leather wallet containing cards and identification of defendant. Across the room they found a handwritten note reading "Nina: Don't let anyone upstairs till I return Ken." All of the items mentioned were seized by the police and return made on June 20, 1967, to the court issuing the search warrant. The return contained a long list of narcotics and narcotics paraphernalia including 46 baggies of marihuana. It also included the leather wallet but not the note.

Defendant does not claim he was unaware of the

search of June 20, 1967, but instead claims that due to the fact that the search warrant proceedings were not filed in the trial court prior to the trial, he was unaware of what property was seized and thus prevented from making a pretrial motion to suppress. He argues that he should have been allowed to test the seizure of the wallet and the note signed "Ken" for the first time at trial.

■ The search warrant proceedings were public records from June 20, 1967, on. Defendant could have discovered from which court the warrant originated and learned the contents of the affidavit, warrant and return. In fact, a procedure is provided by statute for contesting the validity of the search and seizure before the magistrate who issued the warrant. ORS 141.150 and ORS 141.160. Any failure of the magistrate to file the proceedings in the trial court would not impair the ability of defendant to prepare for and bring a pretrial motion to suppress the evidence. The wallet was listed in the return, and the return was the same public record which defendant made a part of the record in this appeal. If he had had grounds to do so, he had adequate time and opportunity to attack the search and seizure. For this reason, the fact that the note was not included in the return should not permit defendant to now attack the validity of the search and seizure. That could have been tested in connection with the wallet and other items listed.

■ No motion to suppress evidence having been made in the trial court prior to trial, the court properly overruled the defendant's objection to the admission of the evidence obtained in the search when it was offered by the state in its case-in-chief. A motion to suppress evidence must be made prior to trial unless

defendant was unaware of the seizure or had no opportunity to present his motion before trial. *State v. Ramon,* 248 Or 96, 99, 432 P2d 507 (1967); *State v. Sanford,* 245 Or 397, 421 P2d 988 (1966); *State v. Haynes,* 233 Or 292, 294, 377 P2d 166 (1962); *State v. Skrelunas,* 1 Or App 182, 460 P2d 869 (1969).

The wallet and note signed "Ken" were relevant to the issue of possession and control of the narcotic as alleged in the indictment. Their weight was for the jury.

Affirmed.