Argued September 24, affirmed October 19, petition for review
denied December 14, 1971

## STATE OF OREGON, *Respondent, v.*
## SUSAN DORA GARRETT,
### *Appellant.*
489 P2d 994

*Carl E. Mautz,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant and two others were jointly indicted for the crime of illegal possession of marihuana in violation of ORS 474.020. All three waived trial by jury and the cases were consolidated. The court found defendant guilty.

The sole assignment of error is that the trial judge erred in denying a motion to suppress personal documents seized by police (in addition to narcotics) which purported to identify defendant as an occupant of the bedroom searched.

Prior to the seizure a search warrant had been issued for the purpose of conducting a search at 1124 S.W. Columbia Street, Apt. 10, Portland, Oregon, for "Marihuana, narcotics, and narcotic paraphernalia." Co-defendant Wright, who was the only person named in the search warrant, met the officers at the door and was shown the warrant. After a brief scuffle, the officers gained entry into the apartment. While the officers were informing Wright of the contents of the warrant, other officers found defendant Garrett in the kitchen of the apartment. The warrant was then read to her.

Search was primarily conducted in two bedrooms. After the suspected hashish and marihuana were found in bedroom number 1, the officers temporarily suspended their search, advised Wright of the fruits

of the search and placed him under arrest. After he was arrested, the officers resumed the search for drugs in bedroom number 1. In the course of this search they found certain personal documents in a bureau, which included a birth certificate bearing defendant's name. In addition they found and seized three monthly bank statements and two letters, all enclosed in envelopes addressed to defendant. All but the birth certificate bore the address 1124 S.W. Columbia Street, Apt. 10.

Defendant Garrett contends that these documents were secured through an illegal search and seizure as to her because the same was beyond the scope authorized by the search warrant. She relies on *Stanley v. Georgia,* 394 US 557, 89 S Ct 1243, 22 L Ed 2d 542 (1969); *State v. Hawkins,* 255 Or 39, 463 P2d 858 (1970).

In *Hawkins* the search warrant authorized a search of defendant's home for instruments and drugs used in abortions. During the search two books, which were diaries, were discovered in a drawer. An officer opened one diary to see if drugs might be concealed in it. He noticed an entry, "Doctor Jack (and I help) gave Dawn a AB at my hse," which he concluded might be an abbreviation for abortion, and upon receiving approval of a superior officer he looked through a second diary. Our Supreme Court held that the seizure of the second diary was a search in a manner not authorized by the warrant, citing *Stanley v. Georgia,* supra. In *Stanley* the officers were acting under a warrant to search defendant's home for evidence of bookmaking. During the search they discovered a reel of motion picture film in a desk drawer. After viewing the film with a projector on the prem-

ises the officers decided it was obscene, arrested defendant for its possession, of which crime he was later convicted. Three members of the court expressed the view that the film was seized in violation of the Fourth Amendment.

The facts in both *Hawkins* and *Stanley* are not analogous to the facts in the case at bar. Here the evidence showed that both defendant and Wright were in the apartment at the time the officers entered. The third defendant entered shortly thereafter. The police were confronted with the very practical problem of determining who occupied the bedroom in which they had already found narcotics. Documents readily identifiable on their face as belonging to defendant were also found in that bedroom and were directly relevant to establishing defendant's connection with the seized narcotics. Seizures of identification evidence of this type discovered in the course of a search have usually been upheld. See: *Warden v. Hayden,* 387 US 294, 306-07, 87 S Ct 1642, 18 L Ed 2d 782 (1967) (seizure of clothing matching that worn by a suspected robber); *United States v. Munroe,* 421 F2d 644, 645-46 (5th Cir), *cert denied* 400 US 851, 91 S Ct 79, 27 L Ed 2d 89 (1970) (seizure of documents later used as handwriting exemplars); *Morales v. State,* 44 Wis 2d 96, 106-07, 170 NW2d 684, 689-90 (1969) (seizure of documents connecting accused with premises where narcotics were found).

The trial judge did not err in overruling the motion to suppress the challenged seizure.

Affirmed.