Argued September 23, affirmed December 27, 1971

# STATE OF OREGON, *Respondent, v.* STEPHEN LAURENCE RONNIGER (Nos. 97400 & 97407), *Appellant.*

492 P2d 298

448

*David H. Blunt,* Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted in a court trial of illegal possession of narcotics (marihuana). Thereafter he pleaded guilty to illegal possession of a dangerous drug (LSD) and received concurrent 10-year sentences. He appeals, alleging lack of probable cause to issue a search warrant, errors in the search warrant procedure, failure to allow defendant to controvert the affidavit for search warrant, insufficient proof of possession, errors in accepting his guilty plea and that the sentences are constitutionally invalid as constituting cruel and unusual punishment.

On January 16, 1970, the district court judge issued a search warrant "to any sheriff or police officer * * *" commanding him to

"* * * make immediate search * * * of the house, garage and any vehicles parked therein at the residence located at 2458½ Monroe Street, Eugene, Lane County, Oregon, for the narcotic drug marihuana and the dangerous drug amphetamine * * *."

On January 22, 1970, the return of search warrant was filed in the District Court for Lane County. This inventory included not only drugs mentioned in the

search warrant, but numerous chemicals, beakers, funnels, stirring rods, spatulas, bottles, needles, syringes, and a variety of textbooks on chemistry, pharmacy, and synthetic drugs. The defendant filed in the circuit court a motion to suppress all of the evidence seized in the search, and after a hearing the circuit court suppressed all of the evidence seized except:

> "Three (3) small plastic containers with white powder in them. Removed from Ronniger's person.
>
> "Three (3) lids of vegetable material resembling marihuana. Taken from lower dresser drawer in bedroom.
>
> "Two (2) plastic bags full of white powder taken from between two skis in bedroom.
>
> "One plastic bag of pills seized by Detective Veteto.
>
> "One spoon with white powder from kitchen table.
>
> "One (1) spoon from waste basket in kitchen.
>
> "One (1) box of yellow and yellow and white capsules from bedroom.
>
> "Several needles and syringes from waste basket in kitchen.
>
> "One (1) box containing many small plastic bags.
>
> "One (1) clear heat bulb from attached shed.
>
> "Two syringes, one needle, eight empty capsules, from attached shed.",

apparently on the ground that the scope of the search and seizure exceeded that authorized by the search warrant.

Defendant's first assignment of error asserts irregularities and variations in the issuance, execution and return of the search warrant, which he claims invalidated the search and seizure. We will discuss them in order.

■ Defendant asserts that the issuance of the search warrant was based in part on the informal "notes" which the district court judge took as supplemental corroborating information of that contained in the affidavit. However, the affidavit for a search warrant that Detective John Hayes, Eugene Police Department, originally presented to the district court judge adequately sets forth facts which warranted the issuance of the search warrant. It is not necessary for us to here decide in what form corroborative information taken by a magistrate should be. It is sufficient to say in this case that nothing in the notes was in any way contrary to the facts set forth in the affidavit and may simply be considered surplusage.

■ Defendant complains that the search warrant was directed to a "police officer" contrary to the requirements of ORS 141.080. ORS 141.080 provides that a "search warrant shall be in substantially" the form set forth therein. Emphasizing "shall" and ignoring "substantially," defendant contends that the search in this case is invalid because the warrant is directed to "any sheriff or police officer," rather than to "any sheriff or constable," and because the warrant was in fact executed by a city police officer. Defendant's argument is without merit. A search warrant may be directed to any peace officer. ORS 141.020. "Peace officer" includes a city policeman. ORS 133.170. It is such common practice for city police officers and members of the Oregon State Police to seek, obtain and execute search warrants that we take judicial note thereof. The form greeting set forth in ORS 141.080, "To any sheriff or constable * * *" is an example, not an exclusive enumeration of persons to whom a search warrant may be directed.

■ Defendant next contends that the search war-

rant fails to designate the class of property being sought in the terms used in ORS 141.010.[1] The search warrant recites "* * * that there are narcotics and dangerous drugs located at * * * [a residence], in violation of the laws of * * * Oregon * * *." This language indicates that the warrant commands a search for property which is used in the commission of the crime of illegal possession of narcotics. More specific language is not required by the statute.

■ Defendant objects that in executing the search warrant another police officer assisted Officer Hayes and that when Officer Hayes filed the return on the search warrant he used the other officer's list of property seized in preparing his return. There is no requirement that a single police officer must execute a search warrant unassisted by other officers. Defendant's objection that the officers failed to list in the receipt left with defendant two items seized is not material here, for those items (a driver's license and a book) were among the items suppressed by the trial court. *United States v. Bridges,* 419 F2d 963, 967 (8th Cir 1969). Also, seizure of items not used against him at trial is not grounds to invalidate an entire search. *State v. Rutherford,* 4 Or App 164, 167, 477 P2d 911, Sup Ct *review denied* (1970).

---

[1] ORS 141.010:

"A search warrant may be issued upon any of the following grounds:

"(1) When the property was stolen or embezzled.

"(2) When the property was used in the commission of, or which would constitute evidence of, the crime.

"(3) When the property is either in the possession of a person who intends to use it as the means of committing a crime or in the possession of another to whom such person delivered it for the purpose of concealing it or preventing its being discovered."

■ Next, defendant complains that the search was overbroad, since the warrant commanded the seizure of only marihuana and amphetamine and not the other evidence seized. This complaint is without foundation. It is clear that other evidence of the crime under investigation can be seized, even though not described in a search warrant, if it is discovered in the course of a search no broader in scope than that authorized by the warrant. *See, e.g., Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971); *United States v. Bridges,* supra (narcotics paraphernalia seized under warrant commanding search for heroin); *State v. Garrett,* 7 Or App 54, 489 P2d 994, Sup Ct *review denied* (1971). The seizure of other evidence was lawful. Indeed, it is not clear why the trial court suppressed as much evidence as it did.

■ ■ Defendant complains that his person could not be searched under a warrant commanding only the search of the premises which he occupied. Even assuming that the search of defendant's person could not be upheld as substantially contemporaneous with, and incident to, a lawful arrest for possession of the drugs found elsewhere on the premises, the matter is moot. The evidence seized from defendant's person was not utilized in defendant's trial for possession of marihuana. The marihuana was found elsewhere. And even if the "white powder" removed from defendant's person was some of the LSD which defendant pleaded guilty to possessing in that case, he cannot challenge the legality of this search and seizure on the direct appeal from his guilty plea. ORS 138.050 (appeal solely on basis of excessive penalty). Defendant's complaint, if he has one, lies in the post-conviction court.

■ ■ In his first assignment defendant also argues that the police did not know the nature of some of

the drugs and paraphernalia seized, and for that reason the fruits of their search should have been suppressed *in toto,* under the rule enunciated in *State v. Elkins,* 245 Or 279, 284-86, 422 P2d 250 (1966). Probable cause to seize may arise from the synthesis of what the officers know and observe as trained officers. Among the officers participating in the search of defendant's premises were personnel from the Eugene crime laboratory and the Oregon State Crime Laboratory. We agree with the trial court's finding that the police had reasonable grounds for seizing the drugs not suppressed, and were not acting on mere suspicion. *Elkins* is not applicable here. *Cf. State v. Shaw,* 3 Or App 346, 350, 473 P2d 159, Sup Ct *review denied* (1970).

■■ Defendant also complains of the fact that the property seized from his residence was not physically delivered to the magistrate who issued the search warrant in this case. However, it is settled law that defects in the return of a search warrant are ministerial and are not grounds for invalidating the search, at least where defendant is not prejudiced thereby. *See, e.g., State v. Cortman,* 251 Or 566, 571, 446 P2d 681 (1968), *cert denied* 394 US 951, 89 S Ct 1294, 22 L Ed 2d 487 (1969); *State v. Marcus,* 2 Or App 269, 271-72, 467 P2d 121, Sup Ct *review denied* (1970); *United States v. Averell,* 296 F Supp 1004, 1014 (ED NY 1969). This rule is applicable here. Defendant makes no claim that he was prejudiced by the fact that the property seized in the search complained of was retained in police custody, rather than physically delivered to the magistrate as provided in ORS ch 141. His complaint in this regard is unwarranted.

■ Defendant complains that the district judge who issued the search warrant did not return the warrant

and accompanying papers "* * * forthwith to the next court of the county having jurisdiction of the crime * * *" in accordance with ORS 141.190. Defendant does not contend that the magistrate's alleged failure to comply with ORS 141.190 prejudiced him in any way. What this court said in *State v. Marcus,* supra, is equally true here:

> "The search warrant proceedings were public records from * * * [the day the return was made] on. Defendant could have discovered from which court the warrant originated and learned the contents of the affidavit, warrant and return. * * * Any failure of the magistrate to file the proceedings in the trial court would not impair the ability of defendant to prepare for and bring a pretrial motion to suppress the evidence. * * *" 2 Or App at 271.

Defendant's complaint in this connection is without substance.

We have considered and discussed each of defendant's points under his first assignment of error since each seems to concern some apparent deviation from the procedure contemplated by the search warrant statute, ORS ch 141. We found no prejudice to the defendant, but believe this statute, which has remained substantially in its present form since 1864,[9] a proper subject for legislative attention.

◼ Defendant's second assignment of error complains that at the suppression hearing in the circuit court, the court refused to permit him to inquire into the truth or falsity of the allegations of the affidavit for search warrant. In his motion to suppress, defend-

---

[9] Deady, General Laws of Oregon 1845-1864, Code of Criminal Procedure, ch 41, p 520.

ant did not challenge on the basis that "no probable cause for believing that the grounds on which the warrant was issued exist" pursuant to ORS 141.150⑨ and ORS 141.160.⑩ Instead, the thrusts of the motion to suppress were claims that the facts set forth in the affidavit did not constitute probable cause, that there was improper description of the property to be seized, it was an overbroad search, and the like.

In connection with refusing to allow defendant to inquire of the author of the affidavit as to whether the recitals therein were false or true, the court inquired of defendant's counsel:

"THE COURT: Let me ask this, Mr. Wiswall. I do not see in your motion to suppress or your addendum to your motion to suppress you anywhere assign as a reason for suppressing this evidence the falsity of the affidavit. Am I correct in that?

"MR. WISWALL: * * * That is essentially correct, your Honor. * * *"

And subsequently the court said:

"* * * and I am prepared to rule, particularly in view of counsel's statement that he is not representing that there is any falsity, he merely wants to inquire whether there is, particularly under these circumstances, I will not permit testimony, an in-

---

⑨ ORS 141.150:

"If the person from whose possession the property was taken controverts the grounds of issuing the warrant, the magistrate shall proceed to examine the matter by taking testimony in relation thereto."

⑩ ORS 141.160:

"If it appears that the property taken is not the same as that described in the warrant or that there is no probable cause for believing that the grounds on which the warrant was issued exist, the magistrate shall cause the property to be restored to the person from whom it was taken."

quiry into the truth of the matter set forth in the affidavit."

Since the defendant did not by his motion seek to controvert the facts set forth in the affidavit, the trial court correctly refused to permit him to make a general exploratory inquiry into the truth of the facts alleged in the affidavit for search warrant. There is no merit in this assignment of error.

■ Defendant's assignment three contends there was insufficient evidence to support a finding that defendant possessed the marihuana in question. This assignment is without merit. The police discovered three bags of marihuana in a chest of drawers in the bedroom of the premises searched. Defendant rented the premises in question, and the lessor's agent testified that the premises were to be occupied by one person only. Only male clothing was found in the bedroom closet. The only persons on the premises, other than defendant, at the time the search warrant was executed were there by pre-arrangement with the police. This evidence is sufficient to support a finding that defendant possessed the marihuana on the premises. *Cf. State v. Williams,* 253 Or 646, 456 P2d 489 (1969); *State v. Henry,* 249 Or 287, 288-89, 437 P2d 851 (1968).

■ Assignment of error number four is not reviewable on appeal since it arose on defendant's plea of guilty to unlawful possession of dangerous drugs. He cannot now challenge the constitutionality of the dangerous drug law on the ground that it is an unconstitutional delegation of the legislature's power to define crimes. *State v. Kabachenko,* 2 Or App 202, 465 P2d 891, Sup Ct *review denied* (1970); ORS 138.050. Defendant's arguments must be addressed to the postconviction court, but even there his arguments would

seem to be foreclosed on the basis of *State v. Sargent,* 252 Or 579, 449 P2d 845 (1969).

Likewise, defendant's assignments of error five, six and seven are not reviewable on appeal under defendant's plea of guilty. The defendant's claim in this connection must be addressed to the post-conviction court. *State v. Brudos,* 3 Or App 239, 471 P2d 861, Sup Ct *review denied* (1970); ORS 138.050.

■ In his eighth assignment of error defendant claims that ORS 475.990 (2)[5] and 474.990 (2)[6] are unconstitutional as unlawful delegations of legislative power to the judiciary. It is unclear how defendant challenged the statutes before the trial court. In any event, no constitutional problem is presented by the fact that a statute such as ORS 474.990 (2) gives the trial court discretion to impose either a felony or a misdemeanor sentence. *State v. McDonald,* 231 Or 24, 28-29, 361 P2d 1001 (1961), *cert denied* 370 US 903, 82 S Ct 1247, 8 L Ed 2d 399 (1962); *State v. Losey,* 3 Or App 612, 615, 475 P2d 430, Sup Ct *review denied* (1970).

■ Defendant's challenge to the sentencing provisions of ORS 475.990 (2) is not reviewable by this

[5] ORS 475.990 (2) provides:

"Violation of subsection (1) or (2) of ORS 475.100 is punishable, upon conviction, by a fine not exceeding $5,000 or by imprisonment in the county jail not exceeding one year, or both, or by imprisonment in the penitentiary not exceeding 10 years, or by a fine of not more than $5,000, or both."

[6] ORS 474.990 (2) provides:

"Any person violating subsection (1) of ORS 474.020 by manufacturing, possessing, having under his control, selling, prescribing, administering, dispensing or compounding the narcotic drug marihuana shall be punished, upon conviction, by a fine of not more than $5,000, or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for not exceeding 10 years, or by a fine of not more than $5,000, or both."

court on appeal, since defendant pleaded guilty to unlawful possession of a dangerous drug. *State v. Kabachenko,* supra; ORS 138.050.

■ ■ Defendant's ninth and final assignment of error contends that the two concurrent 10-year sentences of defendant constitute cruel and unusual punishment. As the Supreme Court of Oregon has repeatedly held, the test of whether a sentence or sentences constitute cruel and unusual punishment is whether the given sentence is so disproportionate to the offense as to shock the conscience of fair-minded men. *State v. Humphrey,* 253 Or 183, 452 P2d 755 (1969). *See also State v. Hecket,* 2 Or App 273, 467 P2d 122, Sup Ct *review denied* (1970). The sentences involved here do not fall within that classification. We think it proper to point out that sentences in Oregon simply set the maximum term of confinement. After delivery to the Corrections Division, the State Board of Parole and Probation has authority, with very few exceptions, to consider an inmate for parole at any time, and the parole board is required by statute to review his case within six months from conviction. ORS 144.228.

Affirmed.