STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WIL-
LIAM S. CARLUCCIO, HENRY J. LAFFMAN AND JAMES
DE CHRISTOFORO, DEFENDANTS-RESPONDENTS.

Argued March 21, 1972—Decided July 5, 1972.

*Mr. Geoffrey Gaulkin,* Hudson County Prosecutor, argued the cause for appellant (*Mr. Edwin H. Stern,* First Assistant Prosecutor, *Mr. Frank L. Holstein,* Assistant Prosecutor, and *Mr. Edward T. O'Connor, Jr.,* Assistant Prosecutor, on the brief).

*Mr. Dennis D. S. McAlevy* argued the cause for respondent William S. Carluccio.

*Mr. Elmer J. Hermann, Jr.,* argued the cause for respondent James De Christoforo.

*Mr. Thomas E. Bracken,* Assistant Deputy Public Defender, argued the cause as *amicus curiae* (*Mr. Stanley C. Van Ness,* attorney).

The opinion of the court was delivered by

FRANCIS, J. This appeal by the State, on leave granted was joined for argument with *State v. Petillo,* 61 *N. J.* 165, decided today, raises out of an order made on a pretrial attack by defendants Carluccio, De Christoforo and Laffman on a search warrant, the execution of which resulted in their indictment. (Laffman has since died.)

An application was made to a Superior Court judge for warrants authorizing search of a certain described motor vehicle, and a one-story house at 440 50th Street, West New York. The affidavit being deemed sufficient to show probable cause, the warrants were issued to search the vehicle and the premises and persons found thereon. They were executed in due course and the raid on the premises produced evidence that illegal gambling operations were being carried on there. Defendants Carluccio and Laffman were on the premises at

the time of the raid and were arrested for their alleged involvement in the illegal operations. Subsequently the Grand Jury indicted Carluccio, Laffman and De Christoforo for engaging in the lottery business and for possession of lottery paraphernalia. *N. J. S. A.* 2A:121–3(a)(b). Carluccio and Laffman also were indicted for making and taking book on horse races, and for maintaining premises for use by persons involved in illegal gambling. *N. J. S. A.* 2A:112–3. According to the prosecutor, the evidence seized under the search warrant provided substantial evidence to support the indictments.

The affidavit submitted by the detective on the application for the search warrant relied upon facts obtained through surveillance of the named premises as well as information supplied by "a reliable informant" in order to show probable cause to believe that gambling operations were being conducted at the given address and that the automobile referred to was being used in connection therewith. Defendants moved to suppress the evidence taken pursuant to the warrant on the ground that the affidavit was insufficient to establish probable cause.[1]

After argument on the motion to suppress the trial judge held and rightly so that the affidavit was adequate to show probable cause for issuance of the warrant. *State v. Carluccio,* 116 *N. J. Super.* 49, 53–54 (Law Div. 1971). However, on further motion made during argument, over objection of the prosecutor, he granted permission to defend-

---

[1] Carluccio and Laffman who were on the premises at the time of the raid were arrested and searched as participants in the gambling operations, although they were not named or described in the warrant. On the motion to suppress they contended also that the warrant was invalid because of the failure to name or describe them. The prosecutor maintained that they were properly arrested and searched as an incident of the arrest. Testimony was to be taken on this issue, so that aspect of the motion was reserved for later disposition. It is indicated that the prosecutor conceded that the warrant should have named these defendants. But, see, *State v. De Simone,* 60 *N. J.* 319, 327–329 (1972).

ants to question the detective "concerning that portion of his affidavit relating to information reportedly received from an informer, providing that defendants may not ask questions which may tend to disclose the identity of the informer." Despite the fact that this portion of the affidavit had already been passed upon by the judge who issued the warrant, and had been accepted as credible by him for purposes of deciding the issue of probable cause for its issuance, the effect of the new order was to permit relitigation of that issue, *i. e.*, to test "the credibility of the report concerning the informer * * *." The Appellate Division granted the prosecutor's application for leave to appeal from the order, and we certified the matter for disposition with *State v. Petillo.*

In seeking permission to cross-examine the detective who made the affidavit, defendants offered no proof in affidavit form or otherwise to create even a suspicion of possible falsity of the assertions relating to the information obtained from the informer. Obviously defendants were simply desirous of engaging in a general exploratory inquiry into the truth of the facts alleged. And after declaring that the facts sufficiently showed probable cause for the warrant, the trial court in explaining the reasons for its order simply posed a few legally frivolous questions respecting a portion of the affidavit. See, 116 *N. J. Super.* at 64.

In terms of substantiality of the reasons advanced as ground for an attack on the truth of an affidavit for a search warrant, this case is a much weaker one than that rejected by us in *State v. Petillo.* In fact most of the cases holding the contrary minority view, *i. e.*, that in some factual settings where affirmative evidence of probable or actual falsity appears, a collateral attack may be made on the propriety of the issuing judge's order for the warrant, do not support a routine inquiry stimulated by a prayerful hope that some basis to question the credibility of the affiant may be developed. *Cf. State v. Rulli,* 116 *N. J. Super.* 120 (App. Div. 1971) ; *United States v. Thornton,* 454 *F.* 2d 957, 969 (D. C.

Cir. 1971); *United States v. Dunnings*, 425 *F.* 2d 836 (2 Cir. 1969), *cert.* den. 397 *U. S.* 1002, 90 S. Ct. 1149, 25 *L. Ed.* 2d 412 (1970); *United States v. Halsey*, 257 *F. Supp.* 1002, 1004–1006 (S. D. N. Y. 1966); *Theodor v. Superior Court, Orange County*, 21 *Cal. App.* 3d 474, 98 *Cal. Rptr.* 486, 499–500 (1971) (appeal pending); *State v. Ronniger*, 492 *P.* 2d 298 (Or. App. Ct. 1971); and see, *Mascolo, Impeaching the Credibility of Affidavits for Search Warrants: Piercing The Presumption of Validity*, 44 *Conn. B. J.* 9, 29 (1970).

For the reasons set out in *State v. Petillo*, as well as the additional comments noted herein, the order of the trial court is reversed and the cause is remanded for proceedings consistent herewith.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN.—6.

*For affirmance*—None.