Argued September 20, affirmed in part; reversed
in part December 1, 1972

STATE OF OREGON, *Respondent, v.*
BERNARD G. McCUSKER
(No. 15-823 and No. 15-824),
*Appellant.*
503 P2d 732

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C.J.

Upon separate trials, defendant was convicted of accessory after the fact, former ORS 161.230, to an assault with a dangerous weapon, and possession of a dangerous drug, ORS 475.100. His appeals from both convictions were consolidated before this court.

His sole assignment of error as to the drug conviction is that the trial court failed to suppress the drugs seized from his person. This assignment has no merit.

■ ■ Defendant did not make a timely motion to suppress. A motion to suppress evidence allegedly illegally seized must be made prior to trial unless defendant was unaware of the seizure or had no opportunity to present his motion before trial. *See,* e.g., *State v. Marcus,* 2 Or App 269, 271-72, 467 P2d 121, Sup Ct *review denied* (1970). Defendant does not claim that either of those extenuating circumstances existed with respect to the seizure of drugs from his person. Yet neither before nor during trial did defendant contend that his constitutional rights were violated by the

seizure in question. Accordingly, he is not entitled to raise this question for the first time on appeal. *State v. Bunch and Derby,* 250 Or 16, 18, 439 P2d 6 (1968); *State v. Capitan,* 8 Or App 582, 596, 494 P2d 443, Sup Ct *review denied* (1972).

■ Defendant's sole objection in the trial court to the admissibility of the drugs in question—that they were "irrelevant"—was properly overruled. A dangerous drug seized from a defendant's person is relevant in a criminal prosecution for possession of such dangerous drug on the date of the seizure.

■ We turn now to the accessory-after-the-fact conviction. On November 22, 1971, a group of people were at the defendant's residence. One Pomeroy assaulted one Pruitt with a knife. Later in the day the police received, from a woman who had been one of those present at the altercation, a report that Pruitt had been knifed at defendant's residence. When the police went to the scene, Pomeroy was still present, but Pruitt, the victim, was already gone. In response to police questioning the defendant told police that nothing of consequence had happened at his house, and when asked by the police whether Pruitt had been there earlier, the defendant replied in the negative.

The basis of the charge is that the defendant lied to the police about having recently seen the victim of a crime, and thus frustrated apprehension of the culprit, Pomeroy. In *State v. Clifford,* 263 Or 436, 502 P2d 1371 (1972), the Supreme Court held that falsely denying having recently seen a fugitive was in itself not sufficient evidence to constitute the crime of being an accessory after the fact. If it is not such crime to lie about having recently seen a criminal actor, it seems to

follow that it is not such crime to lie about having recently seen the victim of a criminal act.

The conviction under ORS 475.100 is affirmed; the conviction under former ORS 161.230 is reversed.