Argued and submitted February 20, affirmed April 21, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD KIMBALL KNUTSON,
*Appellant.*

## (No. 78-1205, CA 13956)

609 P2d 922

Donald D. Diment, Jr., Eugene, argued the cause for appellant. With him on the brief was Diment, Jagger & Billings, Eugene.

Thomas I. Meehan, Jr., Assistant District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney for Lane County, Eugene.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant was charged in a four-count indictment with conspiracy to manufacture dangerous drugs; illegal manufacture of the dangerous drug methamphetamine; possession of the dangerous drug methamphetamine, and possession of the narcotic drug marijuana. He was convicted by a jury on all four counts and sentenced for the first and fourth counts, after the second and third counts were merged with the first for sentencing.

Defendant appeals from the convictions, contending that the trial court erred in denying his motion for dismissal of Count IV of the indictment, in overruling his motion to suppress certain evidence and in permitting the introduction of evidence of criminal activity other than that charged in the indictment. We affirm.

We turn first to the second of defendant's contentions. From the record it appears that simultaneous searches were conducted at two Lane County addresses, which we will identify here as the Jasper-Lowell and 35th Street properties. The latter property was defendant's residence and the former was owned by him and rented by codefendant Lynn Dean Crumroy. Officers searching the Jasper-Lowell property seized glassware and chemical apparatus containing chemicals capable of manufacturing methamphetamine, as well as a quantity of the drug methamphetamine. Defendant and Crumroy were arrested at the Lowell-Jasper property.

During the search of the 35th Street property a jar, identified as containing a small quantity of methamphetamine oil, was seized, along with several pounds of marijuana.

Defendant filed a motion to suppress the methamphetamine oil found at the 35th Street property, contending that "there was no basis nor belief on the part of the seizing officer that the item was seized under the search warrant then being executed, or otherwise

seizable as contraband or evidence of a crime and known by the seizing officer to be the same." The motion was denied.

Officer Allison, who conducted the search of the Lowell-Jasper property, testified at the suppression hearing that he radioed Officer Zahar who was simultaneously searching the 35th Street property and told him to look for a pickle jar containing a pinkish-yellow liquid which was methamphetamine oil manufactured at the Lowell-Jasper property.

Officer Zahar, who was searching pursuant to a warrant directing a search for methamphetamine,[1] testified that he had noticed, but not inspected, the jar prior to the call, that he was not familiar with methamphetamine and that he had examined the jar only because it looked like a pickle jar and Officer Allison had told him the substance would be in a one-quart pickle jar. Officer Zahar testified that he smelled the liquid and found it to have a very strong, unfamiliar odor. He said that the jar was found on top of the refrigerator, was the only jar of its kind which he encountered and that the contents did not smell like pickles. Based on the suspicious smell and the information relayed to him by Officer Allison's call, he seized the jar. The seizure was proper. "* * * Probable cause to seize may arise from the synthesis of what the officers know and observe as trained officers. * * *" *State v. Ronniger,* 7 Or App 447, 456, 492 P2d 298 (1971).

Defendant also contends that the trial court erred in permitting state's witnesses to testify about a cocaine deal in which defendant had lost a large sum of money about a year before the arrest. The state contends that the testimony was relevant to show defendant's financial need and thereby establish his motive for manufacturing methamphetamine.

[1] The search warrant is not included with the record of the case, but the affidavit in support of the motion to suppress from defendant's attorney states that the search warrant "directed a search for the dangerous drug methamphetamine."

Evidence of criminal activity other than that charged in the indictment is generally inadmissible unless it falls within one of several well-recognized exceptions to this rule or can be shown to have probative value greater than its prejudicial value. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975).

Although introduction of evidence of other crimes to show motive for commission of the crime at issue is a recognized exception to the other crimes rule, *State v. Willson,* 113 Or 458, 233 P 259 (1925); *State v. Walters,* 105 Or 66, 209 P 349 (1922), the probative value of such evidence in this case is small when weighed against its prejudicial effect. The state's desire to introduce motive testimony is apparently to counter defendant's denial of knowledge about or participation in the manufacture of methamphetamine. However, the record shows ample evidence of defendant's connection with the manufacture, both in the form of testimony from other witnesses and exhibits, to make the cocaine deal testimony superfluous. Further, even if evidence of defendant's financial need were necessary, the state's evidence included testimony about other financial reverses of the defendant which should have been sufficient.

While we find that the testimony should not have been admitted, we hold that in this case its admission does not warrant reversal since the record shows ample evidence of the crimes charged and the error was unlikely to have changed the result at trial. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973); *State v. McLean,* 255 Or 464, 468 P2d 521 (1970). The jury heard extensive testimony from Crumroy and others implicating defendant in the crimes and saw exhibits in the form of apparatus and drugs seized on defendant's property at the time of his arrest, as well as photographs of the Jasper-Lowell laboratory where the drug was manufactured. In this case, where defendant was caught with the goods and clearly

linked with their manufacture, the wrongfully admitted testimony does not warrant a new trial.[2]

Affirmed.

---

[2] We do not consider defendant's other contention because he has not complied with Rule 7.19, Supreme Court and Court of Appeals, Rules of Appellate Procedure.