108 April 29, 2026 No. 341

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY ROSS MINNECI,
aka Anthony Minneci, aka Anthony Ross Menneci,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR62584, 21CR49154, 19CR78970, 19CR01196;
A182877 (Control), A182878, A182879, A182880

Laura A. Cromwell, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÀN, J.

Defendant appeals his convictions, after a conditional guilty plea, of felon in possession of a firearm, ORS 166.270, and possession of a restricted firearm, ORS 166.272, challenging in a single assignment of error the trial court's order denying his motion to suppress evidence seized in the execution of a search warrant.[1] As explained below, we affirm.

The relevant facts are not disputed. Police obtained a warrant to enter and search defendant's home for evidence of reckless driving and attempting to elude a police officer. In the execution of that warrant, officers viewed drugs and weapons in plain view. Officers then obtained and executed a second warrant to search the home and defendant's person for evidence of drug and weapon offenses, on which defendant's challenged convictions are based.

During litigation on a motion to suppress, it came to light that the copy of the warrant that the court had in its record as the "returned" copy of the first warrant (for a search for evidence of reckless driving and attempting to elude a police officer), *i.e.*, the version on which defendant based his motion to suppress, was different from the version of the first warrant that the trial court found had been issued by the magistrate and executed and that the executing officer had returned. Defendant argued to the trial court that the statutory scheme required that the warrant that was returned to the court must be the warrant that was issued and executed and that, because a different warrant was in the court's possession as the "returned" warrant, the evidence must be suppressed.

ORS 133.615, which governs the return of the warrant, provides, in part:

"(2)  An officer who has executed a search warrant shall, as soon as is reasonably possible and in no event later than the date specified in the warrant, return the warrant

---

[1] Defendant was convicted of a number of other offenses in a number of cases. On appeal, he challenges only the convictions after a conditional guilty plea of felon in possession of a firearm and possession of a restricted firearm in Jackson County Case Number 20CR62584.

to the issuing judge together with a signed list of things seized and setting forth the date and time of the search.

"(3) Subject to the provisions of subsection (4) of this section, the issuing judge shall file the warrant and list returned to the judge, with the record of the proceedings on the application for the warrant made pursuant to ORS 133.555."

Defendant correctly pointed out that, under the plain text of ORS 133.615(2), the executing officer must return to the issuing magistrate the *same warrant* that has been executed. The magistrate who issued the warrant must then file with the court the warrant that was issued, a record of warrant proceedings, and a list of things seized. ORS 133.615(3).

Defendant asserted that the "returned" warrant in the court's possession is the version of the warrant on which the court's evaluation of the motion to suppress must be based, that that version of the warrant was facially invalid, and that the evidence seized pursuant to that invalid warrant must be suppressed. In defendant's view, it was immaterial, under the circumstances, whether the version of the warrant that was actually issued by the magistrate and executed was valid or not.

The state responded that the court's possession of a "returned" warrant that is different from the warrant that was actually issued, executed, and returned, was likely a ministerial error that did not invalidate the warrant that was actually issued and executed. The trial court agreed with the state. The court found that the warrant that was actually issued and executed was based on affidavits that had been presented to the magistrate who issued it. The court rejected defendant's contentions that the warrant that had been issued and executed was invalid and that the "returned" warrant in the court's possession was controlling.

On appeal, defendant argues, "Viewed comprehensively, the warrant statutes impose a requirement that the executing officer and issuing judge obtain, serve, and keep a single version of the search warrant." In defendant's view, because the document on file with the court is different from the warrant that was issued and executed, the statutes have

been violated, and the court erred in denying his motion to suppress.

We conclude that the trial court did not err. It is undisputed that the warrant in the court's possession as "returned" is different from the warrant that was issued by the magistrate and executed. We do not disagree with defendant's reading of the statutes that, in the ordinary course, the warrant returned is the warrant that was issued and executed. But we conclude that a ministerial error in the "return" of the warrant does not require suppression of evidence that was seized based on a properly issued and executed warrant.

Our conclusion is supported by *State v. Ronniger*, 7 Or App 447, 456, 492 P2d 298 (1971). In that case we rejected the defendant's argument that the warrant was invalid because the items that were seized were retained in police custody and not returned to the magistrate who had issued the warrant, explaining:

> "[I]t is settled law that defects in the return of a search warrant are ministerial and are not grounds for invalidating the search, at least where defendant is not prejudiced thereby."

(Citing *State v. Cortman*, 251 Or 566, 571, 446 P2d 681 (1968), *cert den*, 394 US 951 (1969) (failure of police to make a prompt inventory return does not invalidate a search)).

Defendant does not assert that he suffered prejudice because of the ministerial error in the return of the warrant. Defendant responds, however, that *Ronniger*, on which the state relies, is no longer good law, in light of the Supreme Court's recent opinion in *State v. Lee*, 371 Or 200, 532 P3d 894 (2023), *modified on recons*, 373 Or 525, 568 P3d 139 (2025), in which the court held that granting a motion to suppress is the remedy for an "anticipatory" warrant issued in violation of ORS 133.545(6). The court explained in *Lee* that the remedy of suppression was authorized by ORS 133.673(1). 371 Or at 219. That statute provides:

> "Objections to use in evidence of things seized in violation of any of the provisions of ORS 133.525 to 133.703 shall be made by a motion to suppress which shall be heard and

determined by any department of the trial court in advance of trial."

Defendant contends that, like the violation of ORS 133.545(6) that the court addressed in *Lee*, the violation of ORS 133.615(2) for return of the warrant is among the statutory violations that ORS 133.673(1) states may be remedied by a motion to suppress.

We reject defendant's contention that *Lee* has overruled *Ronniger* or that *Lee* requires suppression here. In the first place, as the trial court correctly concluded, *Lee* is distinguishable, because it involved a substantive defect in the warrant, not a ministerial defect in the return of the warrant. Additionally, the court in *Lee* did not hold that *every* violation of any of the provisions of ORS 133.525 to 133.703 requires suppression. Indeed, on reconsideration in *Lee*, the court said, "Not every violation of ORS 133.525 to 133.703 warrants suppression." The court clarified that *Lee* decided "only whether anticipatory warrants violate ORS 133.545(6) and, accordingly, whether statutory suppression is available to remedy a violation of that statutory subsection." 373 Or at 530. The court said, further,

> "We are not called upon to decide, and do not decide, whether suppression is permitted for violation of any other aspect of the warrant requirements set forth in ORS 133.525 to 133.703. We do not consider, and do not hold, whether that suppression would lie, via the mechanism of ORS 133.673, for every violation of any aspect of ORS 133.525 to 133.703."

The court undoubtedly recognized that that holding would not be consistent with the text of ORS 133.673, which speaks of "*things seized* in violation of any of the provisions of ORS 133.525 to 133.703." (Emphasis added). In the conclusion of its opinion on reconsideration, the court said that "ORS 133.673 allows criminal defendants to object to evidence *on the grounds that it was obtained in violation of any of the provisions of ORS 133.525 to 133.703.*" 373 Or at 543 (emphasis added). The court held that suppression was required, because the anticipatory warrant resulted in a seizure in violation of ORS 133.545(6).[2] 371 Or at 218.

---

[2] ORS 133.545(6) provides that warrants shall be "supported by one or more affidavits particularly setting forth the facts and circumstances tending to show

Here, the asserted violation of ORS 133.615(2) did not result in evidence being seized or obtained. It appears to be undisputed that the warrant that was executed is the warrant that was issued by the magistrate. Thus, there was no seizure of evidence as the result of a violation of any of the provisions of ORS 133.525 to 133.703. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Affirmed.

---

that the objects of the search are in the places, or in the possession of the individuals, to be searched." That requirement, the Supreme Court said, goes to the very heart of Oregonians' privacy rights against governmental searches. 373 Or at 543.